### FARRELL et al. v. FIRST NAT. BANK OF PHILADELPHIA.

(Circuit Court of Appeals, Third Circuit. January 15, 1919.)

#### No. 2422.

1. APPEAL AND ERROR ⬤⟿977(3)—GRANT OF NEW TRIAL—DISCRETIONARY POWERS OF COURT.

   The grant of a new trial is one of the most useful discretionary powers of the trial court, and such step is only taken with reluctance, and, when done, there is every presumption that it is done in pursuance of a wise discretion, and in furtherance of justice.

2. APPEAL AND ERROR ⬤⟿110—REVIEW—DECISIONS APPEALABLE.

   A writ of error will not lie to review an order granting a new trial, and that matter can be reviewed only when the case is before the appellate court on writ of error after entry of final judgment.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action between J. Walter Farrell, Charles Weil, Sumner S. Weil, and John McKay, trading as Weil, Farrell & Co., and the First National Bank of Philadelphia. There was an order granting the latter a new trial, and the former bring error. Writ dismissed.

Henry A. Rubino and Van Vechten Veeder, both of New York City, and J. Howard Reber, of Philadelphia, Pa., for plaintiffs in error.

Joseph S. Clark and Owen J. Roberts, both of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

PER CURIAM. [1, 2] The error assigned in this case is the granting by the court below of a new trial. The grant of a new trial is one of the most useful discretionary powers of a trial court. It is not often exercised by the experienced District Judges of this circuit,

and when done it is only, as they conceive, in furtherance of the due administration of justice. In no case in this circuit has it been held that a writ of error will lie to such grant of a new trial by the trial judge. Such step is only taken with reluctance, but when it is done there is every presumption that it was done in pursuance of a wise discretion, and in furtherance of justice, as the trial judge conceives.

It is alleged in this case that there was an abuse of discretion, because the trial judge, it is contended, granted the new trial on a mistaken view of the law. We do not deem it wise, at the present stage of this case, to express or indicate any view on that question, but confine ourselves to quashing the writ and allowing the whole case to come before us upon entry of final judgment, if error be then assigned.