### DRY DOCK, E. B. & B. R. CO. v. PETKUNAS.

(Circuit Court of Appeals, Second Circuit. December 10, 1919.)

#### No. 55.

APPEAL AND ERROR ☞78(6)—ORDER SETTING ASIDE VERDICT NOT A FINAL APPEALABLE DECISION.

    An order setting aside a verdict for defendant rests within the trial court's discretion, and is not appealable, under Judicial Code, § 128 (Comp. St. § 1120), confining the power of review to final decisions of the District Court.

In Error to the District Court of the United States for the Eastern District of New York.

Action by Mary Petkunas against the Dry Dock, East Broadway & Battery Railroad Company. From an order setting aside a verdict for plaintiff and granting a new trial, defendant brings error. Writ dismissed.

Alfred T. Davison, of New York City (A. C. Mayo, of Brooklyn, N. Y., and W. R. P. Malony, of New York City, of counsel), for plaintiff in error.

B. S. Yankaus, of New York City, for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MANTON, Circuit Judge. The defendant in error, hereinafter called the plaintiff, was injured while a passenger on a car of the defendant (plaintiff in error) on the 6th of May, 1916. The car on which she rode was referred to as a "red" car. It was the color of all the cars operated by the defendant. The defendant's car collided with another car owned by another railway company, on the Williamsburgh Bridge, crossing the East River, and as a result of this collision the plaintiff says she sustained injuries causing her pain and suffering, mental distress, and necessitated her incurring sums of money for medical attention.

The electric car upon which the plaintiff was riding was bound across the Williamsburgh Bridge, en route for Brooklyn. There was a "green" car of the New York Railways Company at a standstill in a dark place on the track ahead, and the car upon which the plaintiff was riding collided with this "green" car. It was a dark and cloudy night, and it is said the "green" car was not lighted. The motorman of the defendant's car had his headlight burning and the advantage thereof. The testimony is that an object could be seen by this headlight at a distance of 35 to 40 feet. When the motorman saw the green car, it was such a short distance away that, with the speed he was maintaining, to wit, 10 miles an hour, he was unable to stop in a space of 40 feet. The motorman said that he did all in his power, using the emergency brakes and his reverse, also making use of sand with which his car was supplied, but with all was unable to avoid the collision.

The court submitted the question of the negligent operation of the car upon which the plaintiff was a passenger to the jury as a question of fact. The jury returned a verdict for the defendant. The District Judge set aside the verdict. Dissatisfied with this result, the defendant appeals.

It is urged upon us that we have jurisdiction to review this determination of the District Judge, and the reason advanced is that it was the positive duty of the District Court not to set aside the verdict, and that in doing so he exercised unwarranted judicial power, and, if he had any discretion in the premises, his granting the motion to set aside the verdict was an abuse of discretion. The plaintiff moves to dismiss the appeal, contending that the order appealed from is not a final order, and therefore not reviewable on this writ of error.

Under chapter 22, § 2, Act Jan. 28, 1915, amending section 128 of the Judicial Code (Comp. St. § 1120), it is provided that the Circuit Court of Appeals shall exercise complete jurisdiction to review, by appeal or writ of error, final decisions in the District Court. Since this is not a final order, we think the plaintiff can successfully maintain her position that the order is not appealable, and that this writ of error must be dismissed. However erroneous may be the result below in setting aside the verdict of the jury in the District Court, it has been numerous times determined that the grant of a new trial after a verdict of a jury is within the discretion of the trial court, and cannot be reviewed in this court. Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898; Amer. Trading Co. v. North Alaska S. Co., 248 Fed. 665, 160 C. C. A. 565; Robinson v. Van Hooser, 196 Fed.

620, 116 C. C. A. 294; Big Brushy C. & C. Co. v. Williams, 176 Fed. 529, 99 C. C. A. 102; Farrell v. First Natl. Bank, 254 Fed. 801, 166 C. C. A. 247.

Authorities to which our attention is called by the defendant (Glenwood Irrigation Co. v. Vallery, 248 Fed. 483, 160 C. C. A. 493; Pugh v. Bluff City Excursion Co., 177 Fed. 399, 101 C. C. A. 403) do not change this rule. In the first case, Vallery, receiver of the Colorado & Midland Railroad Company, brought an action to recover for fire damage resulting in the destruction of a bridge. The loss was fixed at $1,973.89. This was undisputed. The trial judge, in submitting the case to the jury, said that, if they found for plaintiff, the verdict should be for this sum. The jury, however, deducted $1,200 from the amount. This appeared to be the amount of a policy of fire insurance which in part covered the loss. Their verdict was for $760.03. Both plaintiff and defendant sued out writs of error. The court simply held that the amount of damages was not a fact tried by the jury within the meaning of the Seventh Amendment of the federal Constitution, and that the verdict was perverse and directly violative of the charge of the court. It was said that this could be reviewed upon appeal, and that it was error for the trial judge to refuse to set aside the verdict for the smaller sum. The court said:

"Nor does such a decision violate the rule that a refusal of the trial court to disturb the verdict on motion for new trial is a matter of discretion, because the duty not to enter judgment upon such a verdict is one of law, and not of discretion."

In Pugh v. Bluff City Excursion Co., supra, the liability of the defendant in an action for loss of life was conceded. The jury question was the amount to be awarded. The deceased was 29 years of age, in good health, capable of earning and did earn $20 a week at the time of his death. He was supporting his widowed mother. The facts were not seriously disputed. The jury returned, asking if they could find a verdict for the plaintiff and fix the damages at $1. The court replied that they were authorized to find a verdict for such damages as, under all the evidence and the charge previously given, they thought the plaintiff was entitled to recover. The jury returned a verdict for $20. The Circuit Court of Appeals held that the answer to the inquiry was correct in point of law, but that the court should have gone further, and prevented the jury from doing what they were contemplating, and held that where the verdict was so inconsistent on its face, and showed the abuse of power on the part of the jury, it was the positive duty of the court to grant the motion to set aside the verdict. It was held that under such facts the obligation was not discretionary. The court said:

"If it is necessary to correct a mistrial, it becomes a positive duty to set aside the erroneous proceeding and grant a new trial; and such, we think, was the case here."

In the case at bar, the motion was addressed to the discretionary power of the court, and the District Judge exercised that discretion against the defendant. We cannot, under the authorities, review the exercise of that discretion.

The writ is therefore dismissed.