ASSOCIATED FLOUR HAULERS & WAREHOUSEMEN, INC., Respondent, *v.* NAT HOFFMAN, as President of International Brotherhood of Teamsters, Local No. 138, et al., Defendants, and TRIBOROUGH TRANSPORTATION CORPORATION, Appellant.

174

Argued January 11, 1940; decided March 5, 1940.

*George Natanson* and *J. Wm. Rosenbluth* for appellant. The complaint fails to state a cause of action against the appellant. (*Morgan* v. *Ebco Machine Corp.*, 239 App. Div. 346; *Skinner Bros. Mfg. Co.* v. *Shevlin Engineering Co.*, 231 App. Div. 656; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170; *Thompson Co.* v. *Winchell*, 244 App. Div. 195; *Campbell* v. *Gates*, 236 N. Y. 457; *DuRoy & Le Maistre, Inc.*, v. *Gillmore*, 246 App. Div. 37; 272 N. Y. 454; *Union Car Advertising Co.* v. *Collier*, 263 N. Y. 386; *Van Wyck* v. *Mannino*, 256 App. Div. 256.)

*Jacob M. Mandelbaum* for respondent. There is a valid existing agreement between plaintiff and its members, defendant international and defendant locals 138, 202 and 807, under the terms of which local 138 alone has the sole and exclusive labor-supplying agency for the hauling of flour in Greater New York. (*Kessler* v. *Haile Motor Co.*, 127 Misc. Rep. 413; *Waldorf-Astoria Segar Co.* v. *Salomon*, 109 App. Div. 65; 184 N. Y. 584; *Standard Fashion Co.* v. *Siegel-Cooper Co.*, 157 N. Y. 60; *St. Regis Paper Co.* v. *S. C. Lumber Co.*, 173 N. Y. 149.) Even if plaintiff be not deemed a party to the agreement it is at least a third-party beneficiary thereof, being a member of a class for whose benefit the exclusive labor-supplying agency was conferred, and, therefore, entitled to enforce the agreement in equity. (*Thomas* v. *Hens*, 219 App. Div. 627; *Wood* v. *Macafee*, 191 App. Div. 937; *Kessler* v. *Haile Motor Co.*, 127 Misc. Rep. 413; *Strong* v. *American Fence Constr. Co.*, 245 N. Y. 48; *Seaver* v. *Ransom*, 224 N. Y. 233; *Rainville* v. *Keil*, 148 Misc. Rep. 795; *Morrison* v. *Gentler*, 152 Misc. Rep. 710; *Dougherty* v. *Rockaway Operating Co.*, 163 Misc. Rep. 806; *Vrooman* v. *Turner*, 69 N. Y. 280; *Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330.) The complaint states a cause of action against the defendant-appellant for knowingly and maliciously interfering with the plaintiff's contractual rights and intentionally inducing a breach by the defendant local 202 of its contractual duties to the plaintiff. (*Hornstein* v. *Podwitz*, 254 N. Y. 443; *New York Bank-Note Co.* v. *Hamilton Bank-Note Engraving & Printing Co.*, 83 Hun, 593; *Standard Fashion Co.* v. *Siegel-Cooper Co.*, 30 App. Div. 564; 157 N. Y. 60; *Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330; *Waldorf-Astoria Segar Co.* v. *Salomon*, 109 App. Div. 65; 184 N. Y. 584.)

LEWIS, J. The defendant-appellant has thus far failed in its challenge to the sufficiency of the complaint herein which comes to us for review by leave of the Appellate Division, upon the certified question: " Does the complaint state facts sufficient to constitute a cause of action against the defendant Triborough Transportation Corp.? "

The plaintiff is a membership corporation composed of twenty-three corporations, firms and individuals engaged in hauling flour in the city of New York from storage depots, railroad terminals and steamships to customer-consignees. The hauling is done by motor trucks manned by chauffeurs and skilled helpers whose labor union affiliations relate themselves to the question to be determined.

Among the five defendants against which the plaintiff seeks injunctive relief, are four labor union affiliates of the American Federation of Labor, a nation-wide organization composed of local labor groups each of which is known either as a " Local " or an " International." A " Local " — such as the first three defendants named in the title to this action — is an organization of local workmen whose union activities are restricted within limits defined by a charter issued by an " International "— such as the fourth defendant named herein — which is a subsidiary body of the American Federation of Labor with administrative functions including the granting of charters to " Locals."

We are here concerned only with an appeal by the fifth defendant, Triborough Transportation Corp. which is engaged in the business of flour hauling in the city of New York but is not one of the twenty-three members which comprise the plaintiff corporation.

The complaint is an involved pleading dealing chiefly with plaintiff's grievance against the four labor unions named as defendants. To gain a clear understanding of the plaintiff's charge against the defendant Triborough Transportation Corp. requires us to outline the entire pleading.

By what appears to be a prologue to the complaint the plaintiff alleges that, because substantially all chauffeurs and helpers engaged in the hauling of flour in the city of New York are members of " Locals " affiliated with the American Federation of Labor, " it is practically impossible for one to engage in [that] business * * * without first becoming unionized and agreeing to employ members of the local which has been chartered by the American Federation of Labor or its affiliate to supply labor for flour hauling pur-

poses in Greater New York." Among the affiliates of the American Federation of Labor is the defendant "International" of which Daniel J. Tobin is president and which, prior to October 3, 1938, had granted charters to the three defendants — Local Union No. 138, Local Union No. 202 and Local Union No. 807. None of the three charters thus granted is set forth in the complaint. Plaintiff alleges, however, that "The charter so issued to Local 138 granted to the latter and its members, so far as the American Federation of Labor was concerned, the *sole and exclusive right* to haul flour in Greater New York" and that charters issued by the International "to Locals 202 and 807 granted * * * the right to haul commodities *other than flour* in Greater New York."

In that connection it is further alleged that by reason of the provisions of its charter and the accepted practice, Local No. 138 has supplied all labor required for hauling flour in Greater New York and that under their own charters Locals 202 and 807 are not permitted to supply labor for flour hauling purposes; that "by reason of the dominance and control by the American Federation of Labor of the workmen engaged in the hauling of flour in Greater New York" and on October 3, 1938, the plaintiff and each of its members entered into an agreement with Local 138 covering the wages, hours and other conditions of employment of the members of that "Local," a copy of which agreement is annexed to the complaint.

Despite the alleged fact that the membership of Local No. 138 consists substantially of skilled chauffeurs and helpers engaged exclusively in hauling flour and who are sufficient in number to do all the flour hauling required in Greater New York, the defendants Locals 202 and 807 — whose union charters disqualify their members from hauling flour — are supplying labor for flour hauling purposes to employers who are primarily engaged in the hauling of commodities other than flour and who are under contractual relations with either Local 202 or 807 and not with Local 138. By reason of these practices by Locals 202 and 807,

which are alleged to be in violation of their respective charters, the employers of chauffeurs and helpers in the flour hauling industry, who are under contractual relations with Locals 202 and 807, have diverted and are continuing to divert a substantial portion of the business of plaintiff's members by offering hauling service at a lower charge made possible by the fact that the bases for their labor cost under their contracts with Locals 202 and 807 provided lower wage scales and afforded other advantages not enjoyed by plaintiff's members under their contracts with Local 138; that the employers who are being supplied with flour haulers by Locals 202 and 807 are using such labor, and the officers of those locals are furnishing such labor, with full knowledge of the provisions of the union charter granted to Local 138 which gives to it the exclusive privilege of supplying labor for hauling flour in Greater New York.

Having protested without avail to the officials of Local 138 and to the International against the acts by Locals 202 and 807 which are said to be in violation of their charters, the plaintiff charges that the course of conduct by Locals 202 and 807 and all employers who are accepting labor from those locals for the purpose of flour hauling, constitutes a wanton and malicious interference with the rights of plaintiff's members which, if permitted to continue, will prevent plaintiff's members from exercising a lawful calling.

We thus reach plaintiff's charge against the single appellant Triborough Transportation Corp. It is alleged in substance that the appellant is under a contractual relation with Local 202 covering wages, hours and other conditions of employment of its members; that despite full knowledge of the fact that the members of Local 138 are required by its charter to be employed exclusively in the hauling of flour in Greater New York and that Local 202 is exceeding the scope of its charter by supplying its members for service as flour haulers, the appellant is engaged in flour hauling in that territory at a lower price than that at which such service is offered by plaintiff's members due to the fact that appellant's contract with Local 202 has a more favorable

wage scale and other advantages not enjoyed by plaintiff and its members under their contracts with Local 138; that by reason of the fact that appellant is employing labor furnished by Local 202, it is diverting a substantial portion of flour hauling business from the plaintiff's members who are thereby subjected to substantial and irreparable injury.

By its prayer for relief the plaintiff demands a decree in equity declaring " that as to Locals 202, 807 and the defendant ' international ' Local 138 shall * * * have the sole and exclusive right to supply labor for the hauling of flour in Greater New York until the expiration of the contracts between plaintiff, its members and Local 138," and that flour hauling by members of Locals 202 and 807 shall be deemed a violation of the contracts between plaintiff, its members and the defendant Local 138.

As against the defendant-appellant, Triborough Transportation Corp., plaintiff demands that the appellant be enjoined and restrained from engaging in the hauling and delivery of flour in Greater New York until the expiration of the contracts between plaintiff, its members and Local 138 unless such hauling is done by members of Local 138 on the terms, conditions and regulations established by the contract between the plaintiff, its members and Local 138.

The inquiry suggested by the question certified by the Appellate Division requires us to proceed upon the assumption that the facts alleged in the complaint are true. Upon that assumption we are asked by the plaintiff, as respondent before us, to view the complaint as alleging facts which establish a valid agreement between the defendant International and the three defendant Locals 138, 202 and 807 which came into existence as a matter of legal implication when each of the three locals accepted its charter from International. It is said that by this implied contract the defendant Locals 202 and 807 recognized in Local 138 the exclusive right to supply labor for hauling flour in New York city and that by undertaking to confine their activities within the scope of their own charters they impliedly agreed not to infringe upon the exclusive privilege of Local 138.

The plaintiff disclaims an intent to base its present right to relief upon its wage and hour agreement with Local 138 but claims to be a third party beneficiary of the implied contract, mentioned above, to which it claims the three defendant locals became parties when they accepted charters from the International. It is as such a third party beneficiary that plaintiff asserts its present demand for injunctive relief against the appellant Triborough Transportation Corp., which is charged with knowingly inducing a breach by Local 202 of its implied contractual duties to Local 138 to refrain from supplying labor for flour hauling in the city of New York.

Giving to the plaintiff the benefit of all implications fairly to be drawn from the complaint and assuming, without deciding, that an implied contract among the three defendant locals came into existence when they accepted their charters from International, we find no basis for the relief demanded by the plaintiff against the defendant Triborough Transportation Corp.

Considering first the theory of an implied contract among the three defendant locals, which forms the basis of plaintiff's argument, the missing factor is a manifest intention that the promisor — the defendant Local 202 — is answerable to employers such as the plaintiff's members, for loss ensuing from its failure to fulfill its implied promise to Local 138. The benefit must be one that is not merely incidental. It must be immediate in such a sense and to such a degree as to indicate the assumption of a duty to make reparation if the benefit is lost. (*Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160, 164; *Fosmire* v. *National Surety Co.*, 229 N. Y. 44, and see American Law Institute, Restatement of the Law of Contracts, § 147; 2 Williston on the Law of Contracts [Rev. ed.], §§ 402, 403.) The complaint before us will not permit us to indulge in implications broad enough to satisfy this settled rule.

Undoubtedly a cause of action exists where one having knowledge of an existing valid contract between others intentionally, knowingly and without reasonable justifica-

tion induces one of the parties to breach the contract with resulting damage to the other. Such an action, however, is predicated upon an intentional interference, without justification, with known contractual rights *possessed by the party suing*. (*Hornstein* v. *Podwitz*, 254 N. Y. 443, 448; *Campbell* v. *Gates*, 236 N. Y. 457, 460.) In the case at bar the plaintiff has failed by its pleading to qualify itself either as a party to or a third party beneficiary of the implied contract which it asserts existed among the three defendant locals. It follows that the relief sought by the plaintiff against the defendant-appellant Triborough Transportation Corporation, based upon allegations that the appellant interfered with known contractual rights to which the plaintiff was entitled and intentionally induced a breach thereof, must be denied and the complaint herein dismissed as to the appellant.

The orders should be reversed and the complaint against the appellant dismissed, with costs in all courts. The question certified is answered in the negative.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, JJ., concur.

Orders reversed, etc.