Thomas Prescott, as Administrator, etc., of Russell Prescott, Deceased, Respondent, *v.* Anson B. Collins, Doing Business under the Name and Style of " Collins Brothers," Appellant.*

Alphonse Perras, as Administrator, etc., of Arthur Perras, Deceased, Respondent, *v.* Anson B. Collins, Doing Business under the Name and Style of " Collins Brothers," Appellant.*

Francis Murray, as Administrator, etc., of Roger Murray, Deceased, Respondent, *v.* Anson B. Collins, Doing Business under the Name and Style of " Collins Brothers," Appellant.*

Third Department, April 29, 1942.

*Ainsworth & Sullivan* [*Charles B. Sullivan* of counsel], for the appellant.

*Carter & Conboy*, for the respondents.

Hill, P. J. Defendant appeals from an order denying his motion to strike out the third cause of action in the complaints in

* Revg. 177 Misc. 902.

these cases. The plaintiffs are administrators of the estates of three young men who came to their deaths when dynamite exploded in the vicinity of Barge Canal Lock No. 6 in the town of Waterford, N. Y. The complaint contains four causes of action; the first pleads injury through negligence, the second through the creation and maintenance of a nuisance, the third through the violation of a contract between defendant and the State of New York to do work on the Barge Canal, the fourth for conscious pain and suffering arising from negligence, nuisance and " by reason of the breach by the defendant of the contract he made with the State of New York, as more fully set forth in the Third cause of action herein." This motion has to do with the third cause of action and with the portion of the fourth relating thereto.

The circumstances, as pleaded in each complaint, are: " That on the 26th day of December, 1939, and for some time prior thereto, the defendant was the owner of a metal container used by the defendant for the storage of dynamite in connection with the performance of the work under the contract * * * and which container and its contents exploded on the afternoon of December 26, 1939 resulting in injuries which caused the death of plaintiff's intestate." The cause of action in negligence pleads that defendant stored dynamite " in a container that was unfit, improper, unsafe and dangerous and inadequate to be used for the storage of dynamite; in constructing and maintaining said container and storing said dynamite in violation of and contrary to the provisions of article 16 of the Labor Law of the State of New York." The second cause of action pleads that defendant, by reason of the allegations earlier recited, " created and maintained a nuisance " and that plaintiff's intestate suffered injuries because thereof. The third cause of action, which is the one at issue, reiterates and realleges the facts in the earlier causes of action and continues: " That the contract made by the defendant with the State of New York and hereinbefore described provides, among other things, that ' The amount of explosives to be used and the quantity to be kept on hand and the precautions to be taken by the contractor shall at all times and places be such that no damage shall be done to any person or property.' "

Respondents cite to sustain their contention authorities stemming from *Lawrence* v. *Fox* (20 N. Y. 268) wherein the terms specifically provide for payments to third persons not parties to the contracts. (*Wilson* v. *Costich Co., Inc.*, 231 App. Div. 346; affd., 256 N. Y. 629; *Hale* v. *Ripton*, 234 id. 631; *Pond* v. *New Rochelle Water Co.*, 183 id. 330.) In *Wilson* v. *Costich Co., Inc.*, the authorities of a sewer district in the town of Brighton, Monroe county, N. Y., contracted

with the defendant to excavate for a sewer system in that town. The contract contained a provision " in case any injury is done along the line of the work in consequence of any act or omission on the part of the Contractor, or his employees or agents, in carrying out any of the provisions or requirements of this contract, the Contractor shall make such repairs as are necessary in consequence thereof, at his own expense and to the satisfaction of the Engineer." Plaintiffs' residence was injured by blasting. A recovery for the damages suffered was sustained. In *Hale* v. *Ripton* the defendant contracted with the city of Rochester for the construction of a tunneled sewer. A jury found that plaintiff's building settled as a result of the excavation and that the walls, shafting and doors were damaged. Plaintiff, not a party to the contract, was permitted to recover because of provisions in the contract whereby the contractor agreed to be responsible for and repair any damage arising from the carrying out of the contract. In *Pond* v. *New Rochelle Water Co.* defendant's predecessor and assignor contracted *inter alia* to supply water to private consumers at an annual rate of not more than twenty-two dollars and fifty cents for each private house and five dollars for each private barn. A notice was given to plaintiff that water would not be supplied after a given date at the rate named in the contract, but would be supplied through meters at rates in excess of those fixed by the contract. It was determined that the complaint stated a cause of action. The foregoing cases wherein rights were specifically reserved to persons or classes not parties to the contracts, differ from the instant case and from those discussed in the following paragraph.

The issue here seems more nearly akin to *Moch Co.* v. *Rensselaer Water Co.* (247 N. Y. 160) wherein the defendant had contracted with the city of Rensselaer to furnish water for service at fire hydrants at a fixed rate per annum. Plaintiff's warehouse was destroyed by fire. The complaint alleged that defendant was notified promptly of the fire, but omitted to supply an adequate quantity of water with sufficient pressure. Recovery was asked because of defendant's failure to " fulfill the provisions of the contract between it and the City of Rensselaer." The complaint was dismissed, the opinion stating: " a member of the public may not maintain an action under *Lawrence* v. *Fox* against one contracting with the city to furnish water at the hydrants, unless an intention appears that the promisor is to be answerable to individual members of the public as well as to the city for any loss ensuing from the failure to fulfill the promise. * * * In a broad sense it is true that every city contract, not improvident or wasteful, is for the' benefit of the public. More than this, however, must be shown to

give a right of action to a member of the public not formally a party. * * * It must be primary and immediate in such a sense and to such a degree as to bespeak the assumption of a duty to make reparation directly to the individual members of the public if the benefit is lost. * * * A promisor undertakes to supply fuel for heating a public building. He is not liable for breach of contract to a visitor who finds the building without fuel, and thus contracts a cold" (p. 164). The opinion distinguishes the *Pond* case earlier discussed herein. "For example, in *Pond* v. *New Rochelle Water Co.* (183 N. Y. 330) the contract with the city fixed a schedule of rates to be supplied not to public buildings but to private takers at their homes" (p. 166). In *Ultramares Corp.* v. *Touche* (255 N. Y. 170) a creditor of Fred Stern & Co., Inc., was permitted to recover against the defendant company, certified public accountants, because the latter, under contract with Stern, had negligently and fraudulently prepared a false balance sheet, the accountants knowing that it was to be used by Stern to aid in obtaining loans. The opinion discusses *Seaver* v. *Ransom* (224 N. Y. 233), the *Moch* case and *Lawrence* v. *Fox*. "In the field of the law of contract there has been a gradual widening of the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) until today the beneficiary of a promise clearly designated as such is seldom left without a remedy. * * * Even in that field, however, the remedy is narrower where the beneficiaries of the promise are indeterminate or general. Something more must then appear than an intention that the promise shall redound to the benefit of the public or to that of a class of indefinite extension. The promise must be such as to ' bespeak the assumption of a duty to make reparation directly to the individual members of the public if the benefit is lost ' " (pp. 180, 181).

In *German Alliance Insurance Co.* v. *Home Water Supply Co.* (226 U. S. 220) the subrogee, the insurance company, brought an action under conditions similar to those in the *Moch* case. The opinion states: "Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement, to which he is not a party, he must at least show that it was intended for his direct benefit. For, as was said by this court, speaking of the right of bondholders to sue a third party who had made an agreement with the obligor to discharge the bonds, they ' may have had an indirect interest in the performance of the undertakings, but that is a very different thing from the privity necessary to enable them to enforce the contract by suits in their own names.' *Nat. Bk.* v. *Grand Lodge*, 98 U. S. 123, 124. * * * Here the city was under no obligation to furnish the manufacturing company with fire protection, and this agreement was not made to pay a debt or dis-

charge a duty to the Spartan Mills, but, like other municipal contracts, was made by Spartanburg in its corporate capacity, for its corporate advantage, and for the benefit of the inhabitants collectively. The interest which each taxpayer had therein was indirect — that incidental benefit only which every citizen has in the performance of every other contract made by and with the government under which he lives, but for the breach of which he has no private right of action " (pp. 230, 231).

Plaintiffs' intestates had only an indirect interest in the performance of the contract between defendant and the State of New York. They had only the incidental benefit which every citizen of the State or person who came in the vicinity of the dynamite had in the performance of the contract. For the breach of that contract they did not have a private right of action, nor have their administrators.

The order appealed from should be reversed on the law and facts, with twenty-five dollars costs in one action, and disbursements, and the third cause of action in each complaint and the reference thereto in the fourth cause of action should be stricken out, with ten dollars costs in one action.

CRAPSER, HEFFERNAN and FOSTER, JJ., concur; SCHENCK, J., dissents.

Order reversed on the law and facts, with twenty-five dollars costs in one action, and disbursements. The third cause of action in each complaint and the reference thereto in the fourth cause of action is stricken out, with ten dollars costs in one action.