**Gareth A. BIGART, Plaintiff-Appellee,**

v.

**The GOODYEAR TIRE & RUBBER COM-PANY, Defendant-Appellant.**

No. 297, Docket 30209.

United States Court of Appeals
Second Circuit.

Argued April 25, 1966.

Decided May 13, 1966.

Robert H. Erdmann, Burlington, Vt. (Wick, Dinse & Allen, Burlington, Vt., on the brief), for defendant-appellant.

John B. Harte, Bennington, Vt. (Chapman & MacBride, Brattleboro, Vt., on the brief), for plaintiff-appellee.

Before SMITH, KAUFMAN and FEINBERG, Circuit Judges.

PER CURIAM:

Gareth A. Bigart sued The Goodyear Tire & Rubber Company in the District of Vermont for personal injuries. After a four day trial before Judge Gibson, the jury returned a verdict for defendant. Nine days later, Bigart moved for a new trial on the ground, *inter alia*, that

> Plaintiff's counsel has information and believes that a certain juror or jurors sitting in said cause had formed an opinion as to the result of the trial and expressed same before the evidence was closed and before the Court had delivered its charge to the jury.

At the argument of the motion, plaintiff's attorney apparently merely realleged his information that an elevator operator had overheard a juror discuss the case before the verdict was rendered.

Thereafter, Judge Gibson *sua sponte* interrogated an elevator operator who worked in the federal building. The attorneys for the parties were not present during the interrogation. The judge subsequently set aside the verdict and granted a new trial. The order states that one Fred Watson, while operating the elevator during one of the trial days, and before the case went to the jury, "overhead one of the male jurors * * * say to another male juror that (in substance) the plaintiff shouldn't get a nickel as he was entirely to blame, and that he (the plaintiff) wouldn't get anything if he (the juror) could help it." The order further stated that, in Judge Gibson's opinion, the issue of liability in this case was close and the fact that a juror had prejudged the case and communicated this fact to another juror may have had a prejudicial effect on the jury's determinations. Goodyear took this appeal from the order, and in its brief suggests the possibility that we issue a prerogative writ if an appeal does not lie.

■■ As we have long held, an order setting aside a verdict and judgment and granting a new trial is ordinarily not appealable; such an order is plainly not final. Dry Dock, E. B. & B. R. R. v. Petkunas, 261 F. 988 (2d Cir. 1919); Barbarino v. Stanhope S. S. Co., 150 F.2d 54 (2d Cir. 1945) (per curiam). As to the prerogative writ, the judge had jurisdiction to grant a new trial. Cf. United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947). Moreover, should defendant lose its case on a retrial, its position that the first verdict in its favor should stand could be urged on appeal from the second judgment. Damanti v. A/S Inger, 314 F.2d 395, 398 (2d Cir.), cert. denied, Daniels & Kennedy, Inc. v. A/S Inger, 375 U.S. 834, 84 S.Ct. 46, 11 L.Ed.2d 64 (1963); see, e. g., Berner v. British Commonwealth Pac. Airlines, Ltd., 346 F.2d 532 (2d Cir. 1965), cert. denied, 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472 (1966). Under the circumstances of this case, al-

though we disapprove of the ex parte procedure followed below, we do not think that this is an appropriate case for the grant of a prerogative writ.

However, since the dismissal of this appeal will leave the case in the posture of awaiting retrial, we think it appropriate to suggest that the trial court reconsider its order and explore the matter further by conducting the normal adversary hearing usual to determination of questions of fact.

Appeal dismissed.