COMPAGNIE NATIONALE AIR
FRANCE, Appellant,

v.

The PORT OF NEW YORK AUTHOR-
ITY, The Lummus Company, The Unit-
ed States of America, and M. Parisi &
Son, Inc., Appellees.

No. 667, Docket 33723.

United States Court of Appeals,
Second Circuit.

Argued May 12, 1970.

Decided June 12, 1970.

952

William J. Junkerman, New York City (Carroll E. Dubuc, Randal R. Craft, Jr., Haight, Gardner, Poor & Havens, New York City, on the brief), for appellant.

Edward A. Sullivan, Garden City, N. Y. (Bill, Sullivan, Fleck & Fleck, Garden City, N. Y., on the brief), for appellee Port of New York Authority.

Steven E. Pegalis, Jamaica, N. Y. (Jeremiah A. O'Leary, Stephen W. O'Leary, Thomas J. Mason, W. Robert Devine, O'Leary & O'Leary, Jamaica, N. Y., on the brief), for appellee Lummus Co.

Michael C. Farrar, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Edward R. Neaher, U. S. Atty., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee the United States.

Bennett H. Pollard, New York City (Katz & Gantman, New York City, on the brief), for appellee M. Parisi & Son, Inc.

Before FRIENDLY and KAUFMAN, Circuit Judges, and BRYAN,* District Judge.

IRVING R. KAUFMAN, C i r c u i t Judge.

Shortly before 9 P.M. on the evening of August 13, 1964, a Boeing 707 owned by Compagnie Nationale Air France landed at John F. Kennedy International Airport in New York, after a trip from Paris. It taxied north on the outer perimeter runway until it reached Taxiway Juliet (also called Taxiway J), which permitted a left turn towards gate 21 at the International Arrivals B u i l d i n g, where the passengers were to disembark.

Taxiway J is divided into two parts, separated by a small island. Taxiway J North was unobstructed and led directly to gate 21; the Air France jet however, departed from the yellow line leading though J North, turned left into Taxiway J South, proceeded through a barricade marked by flags and lights, and nosed gently over into a construction ditch. Damage was considerable, and Air France instituted the instant action against the Port Authority (which maintains the airport), the United States (which employs the traffic controllers), the Lummus Company (general contractor for the construction involved) and M. Parisi & Son, Inc. (who dug the ditch). Employing considerable ingenuity as well as diligence, Air France sued all defendants for negligence in constructing and marking the ditch, the Port Authority for maintaining a nuisance, and the Authority, Lummus, and Parisi for breach of contract on the theory that Air France was a third party beneficiary to the construction contracts.

▮ After plaintiff had presented its case, Judge Travia dismissed plaintiff's

claims based on breach of contract and nuisance.[1] After all the evidence, he submitted to the jury the negligence claims against the Authority, Parisi, and Lummus, while retaining the action against the government for his own decision, as provided in the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2402 (1964). The jury deliberated for two days; during that period it requested certain exhibits including a tape recording of transmissions between the control tower and the various aircraft. It also asked that portions of the Captain's testimony be reread, along with a recharge on contributory negligence.

Following these interchanges, after the midday recess on March 6, 1969 the jury informed the court by note that it was "hopelessly deadlocked," and the foreman responded to the judge's query by saying, "based on a statement by one of the Jurors, sir, I am positive that further consideration would be hopeless." Rather than declaring a mistrial at this point, the judge indicated to the jurors that the trial had been a long and costly one, and that there was no reason to believe that it would be better tried the second time around. The jury retired for a second time, and again returned with a question: "Must the award of damages in amount be by a unanimous vote?" The answer, of course, was "yes." Shortly thereafter, that same afternoon, the jury returned special verdicts, finding Parisi not negligent, Air France not contributorily negligent, and the Port Authority and Lummus negligent. It awarded $15,000 damages against the Authority, and $5,000 against Lummus. On March 11 the court heard argument on the case against the government, determined that Air France was contributorily negligent, and dismissed its claim against the United States.

---

* Of the Southern District of New York, sitting by designation.

1. Plaintiff appears virtually to have abandoned its nuisance claim; it devotes two conclusory and opaque paragraphs to the issue in over 100 pages of briefs. In any event, since the cause was asserted only against the Port Authority, and we hold, *infra*, that there is no final judgment as to the Authority from which plaintiff may appeal, dismissal of the nuisance claim is also unappealable.

Post-trial motions were put over until March 24, at which time the court denied motions by Lummus and the Port Authority for judgment notwithstanding the verdict, or in the alternative for a new trial on all issues, and by Air France for entry of judgment in the amount of stipulated damages ($113,483.58) against both defendants, or in the alternative, for a new trial on the issue of damages only against both defendants. Air France also sought a new trial on all issues against all four defendants; the court granted the motion in part as to Lummus and the Authority; it reasoned that in the light of the jury's "deadlock," and damages considerably less than those stipulated in the pre-trial order, there must have been a compromise verdict on liability. It refused to certify the new trial order under 1292(b) for an interlocutory appeal.

## I. *The New Trial Order*

 Plaintiff Air France would have us overturn the district court's grant of a new trial as to defendants Lummus and the Port Authority. But, it has long been the rule in this circuit (and others), that an order granting a new trial is not ordinarily a "final" judgment from which an appeal may be taken. See Bigart v. Goodyear Tire & Rubber Co., 361 F.2d 317 (2d Cir 1966); Tsoleas v. Hege, 250 F.2d 127 (4th Cir. 1957); Barbarino v. Stanhope S.S. Co., 150 F.2d 54 (2d Cir. 1945); Dry Dock, E. B. & B. R. R. v. Petkunas, 261 F. 988 (2d Cir. 1919); 6A J. W. Moore, Federal Practice ¶5915 [1] at 3896–98 (1966). The result can be no different because a party has been denied judgment notwithstanding the verdict or a retrial limited to damages when the judge considers a complete new trial more appropriate. Should plaintiff Air France lose on retrial, it may assert whatever errors it believes were committed during the first trial of the action. See Bigart v. Goodyear Tire & Rubber Co., 361 F.2d 317, 318 (2d Cir. 1966). Plaintiff's appeal from the grant of a new trial as to defendants Lummus and the Port Authority is dismissed.

## II. *Dismissal of the Contract Claims*

 As a second cause of action, Air France alleged that it was the beneficiary of the construction contracts between the Port Authority and Lummus, and between Lummus and Parisi. It argued that it occupied the position of a third party beneficiary, recognized in New York in the early cases of Lawrence v. Fox, 20 N.Y. 268 (1859) and Seaver v. Ransom, 224 N.Y. 233, 120 N.E. 639 (1918). The District Court dismissed these claims at the close of plaintiff's case. Air France, while assigning the dismissal as error, does not appear to contest the issue vigorously, and we can understand its judgment. A third party beneficiary may recover under New York law only where the parties to the contract intend to confer a benefit upon him; he may not sue on the contract when the benefit is purely incidental to the performance of the contract. See Associated Flour Haulers & Warehousemen, Inc. v. Hoffman, 282 N.Y. 173, 26 N.E.2d 7 (1940). Air France failed to show that any of the parties intended safety features in the contract to be for its benefit, and failed to suggest any similar instances in which the New York courts have found a third party beneficiary relationship. See Prescott v. Collins, 263 App.Div. 690, 35 N.Y.S.2d 135, appeal dismissed, 290 N.Y. 811, 50 N.E.2d 232 (1942) (provision in construction contract between state and contractor requiring precautions to prevent damage to persons or property by explosives held to give injured passerby no third party beneficiary rights). Since we hold there has been no final judgment for Lummus or the Authority, dismissal of the third party beneficiary claim is affirmed only as to defendant Parisi.

## III. *Alleged Errors During the Course of the Trial*

 Air France asks us to consider several allegedly improper rulings deal-

ing with the admission of evidence, and some instances of supposedly inappropriate conduct by the trial judge. Air France sought, and succeeded in, introducing the construction contracts as evidence of a standard of care which would be relevant to the jury in determining whether the defendants' conduct was negligent. On appeal, it contends that because the trial judge instructed counsel to refer to the safety provisions of the contract as a possible "standard" rather than a "duty," reversal is required. We are at a loss to know what to make of this contention. Plaintiff sought introduction of the contract provisions to show the existence of a possible standard of care; the judge limited its discussion to that purpose. We can discern no basis for plaintiff's displeasure with the ruling, much less any error prejudicial to it.

Among the stipulations contained in the pre-trial order was one stating that the plane arrived at 8:46 P.M., received a taxi clearance from the ground controller at the same time, and that "the circumstances out of which this accident arises occurred at 8:52 P.M. * * *." The order also contained a stipulation permitting introduction of a tape recording and transcript of conversations between the control tower and various aircraft. When that tape and transcript, and a chart based on them, were introduced in evidence, it became apparent that the actual time of the accident was closer to 8:50 P.M. The purpose of the chart was to fix the positions of various aircraft with relation to the Air France jet; plaintiff argues that introduction of the chart was improper, because it "violated" the stipulation as to time. In fact, however, since the tape was stipulated an exhibit, and the purpose of the chart reflecting its contents was not to challenge the time of the accident but to clarify the relative positions of aircraft before and at the time of the crash, it seems somewhat fanciful to describe its introduction as a "violation" of a pre-trial stipulation as to time. In any event, such a pre-trial order may be modified in the interests of justice. See Fed. R.Civ.P. 16.[2]

Air France also argues that the trial judge improperly became an advocate, and took the side of the defendants both by comments to counsel within the hearing of the jury, and by rulings that unfairly favored defendants throughout the trial. Having examined the record closely, we find these charges groundless. The trial was a complicated and involved affair, consuming over a month, and took place only after there had been extensive pre-trial discovery. Plaintiff urged several theories of recovery against multiple defendants. A trial judge operating under these circumstances, attempting to have the trial proceed in an orderly fashion, and to keep the jury from becoming hopelessly confused, can hardly be expected to please all counsel with every ruling. Given the complex nature of the trial, the absence of substantial aid by either side to simplify this entangled case, we believe the district court's conduct of the trial patient and unexceptionable.

2. Air France also sought to introduce FAA Circulars that were alleged to contain standards for air port construction made mandatory by the Chicago Convention on International Civil Aviation, to which the United States adhered in 1947. 61 Stat. 1180, T.I.A.S. 1591, 15 U.N.T.S. 295. The circulars, if relevant, would not apply to Parisi unless imposed by specified contractual language that is not present here. If the circulars were thought to be binding on Parisi as a matter of law, then Air France's failure to re-quest a charge to the jury renders the issue unreviewable. See Fed.R.Civ.P. 51; LiMandri v. Brasileiro, 316 F.2d 3 (2d Cir. 1963); Curko v. William Spencer & Son, 294 F.2d 410 (2d Cir. 1961); 5 J. W. Moore, Federal Practice ¶51.04, at 2507 (1969). And since the government's judgment rests on an adequate finding of contributory negligence (see infra), we need not deal on this appeal with the applicability of the circulars and the Convention to the Authority, against whom there is no final judgment.

## IV. *Verdict for Parisi*

Air France's main attack on the jury's finding that defendant Parisi was not negligent is based on a claim that prejudicial remarks by Parisi's counsel so inflamed the jury that they were incapable of rendering a rational decision. At one point counsel for Parisi, in cross-examination, attempted to elicit the information that the plane was owned by the French government. An objection to this line of questioning was sustained. In summary, counsel for Parisi again adverted to French government ownership of the plane, and further commented on the testimony of the captain of the plane: "I say that when this man took the stand and said he didn't have knowledge of this notorious situation * * * he was a liar, he was a cheat, and he was a perjuror." While counsel may stress inconsistencies in testimony by opposing witnesses, he is not to give his personal opinion of the credibility of a witness. See Koufakis v. Carvel, 425 F.2d 892 (2d Cir. Apr. 24, 1970); American Bar Association, Code of Professional Responsibility, EC 7–24, DR 7–106(c)(4). Counsel's comments come perilously close to violating this rule. Viewed in the context of crucial conflicting testimony in a vigorously contested trial, however, we are unwilling to say that these or similar remarks were sufficiently prejudicial to warrant reversal. Nor do we believe that occasional interruptions by counsel for Parisi and counsel for the government warrant reversal, particularly when such unfortunate tactics are common to both sides.

## V. *Judgment for the Government*

The district judge found that even if the government were negligent, contributory negligence by Air France barred recovery. There was testimony that the plane inexplicably departed from the clearly marked yellow line that would have led it safely through Taxiway J North; that the captain had probably seen the excavation in prior flight; that at least one of the blinking red lights on the barricade was still working after the impact, and that the plane's own taxilights should have shown the excavation in time to avoid it. With this background, we can hardly say that the trial judge's determination of contributory negligence was incorrect as a matter of law. And as in the instance of defendant Parisi, we are unable to perceive sufficient prejudice in the conduct of government counsel to warrant reversal.

## VI. *Conclusion*

Since the order granting a new trial as to Lummus and the Port Authority is unappealable, we dismiss that portion of the appeal. We affirm the judgments in favor of Parisi and the United States.[3]

3. Air France also urges that we should order a retrial as to all defendants because of "interlocking relationships" between them, because Lummus and the Port Authority may attempt to assign blame to the absent defendants, and because it will be difficult to obtain the testimony of government employees if the government is not a party. Air France has had its day in court against Parisi and the United States; the existence of possible cross-claims between the parties should not be an excuse to subject them to trial twice on the same issue. Second, it is always open to a defendant to show that another, not present, was negligent. And last, plaintiff may be able to secure the evidence it seeks through use of depositions or testimony given before and during the first trial. See, e. g., Hertz v. Graham, 23 F.R.D. 17 (S.D.N.Y.1958), affirmed 292 F.2d 443 (2d Cir.), cert. denied, 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192 (1961); C. T. McCormick, Evidence 480–501 (1954).