Sandra ORTIZ–DEL VALLE,
Plaintiff–Appellee,

v.

THE NATIONAL BASKETBALL
ASSOCIATION, Defendant–
Appellant.

Docket No. 99–7509

United States Court of Appeals,
Second Circuit.

Argued: Aug. 10, 1999

Decided: Sept. 02, 1999

Howard L. Ganz, Proskauer Rose L.L.P. New York, NY, for Defendant–Appellant.

Patricia M. Flannery, Thornton, Early & Naumes, L.L.P. Boston, MA, for Plaintiff–Appellee.

Before: CALABRESI, CABRANES and SOTOMAYOR, Circuit Judges.

PER CURIAM:

Plaintiff-appellee Sandra Ortiz–Del Valle moves to dismiss the appeal of defendant-appellee National Basketball Association ("NBA") from an order of the United States District Court for the Southern District of New York (Stein, Judge) denying the NBA's motion for judgment as a matter of law or alternatively for a new trial. The court conditioned that order on Ortiz–Del Valle electing either a remittitur or a new trial on damages. Ortiz–Del Valle opted for the new trial on damages and now argues that the NBA's appeal is interlocutory because that trial is pending in the district court. We agree that the order appealed from is not a final decision of the district court under 28 U.S.C. § 1291 and therefore dismiss for lack of appellate jurisdiction.

## BACKGROUND

In April 1996, Ortiz–Del Valle brought this action for gender discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*, against her employer, the NBA. After a trial, the jury found the NBA liable for $100,000 in lost income, $750,000 in mental pain and emotional distress and $7,000,000 in punitive damages. The court entered judgment for Ortiz–Del Valle on April 29, 1998. The NBA then filed a timely motion for judgment as a matter of law under Rule 50 or, in the alternative, for a new trial under Rule 59. In an Opinion and Order dated April 2, 1999, the district court denied the motion conditioned upon Ortiz–Del Valle accepting either a new trial on the issue of damages or a remittitur reducing the lost income award to $76,-926.20, the emotional distress award to $20,000 and the punitive damages award to $250,000. The court directed Ortiz–Del Valle to make her choice in writing within thirty days of the court's ruling. Within the specified time, Ortiz–Del Valle rejected the remittitur and opted for a new trial. Two days later, the NBA filed a notice of appeal of the order denying its motion for judgment as a matter of law or a new trial.

## DISCUSSION

■ We have held that an order granting a new trial is interlocutory and not a final decision appealable under 28 U.S.C. § 1291. *See Compagnie Nationale Air France v. Port of New York Authority,* 427 F.2d 951, 954 (2d Cir.1970). In *Evans v. Calmar Steamship Co.,* 534 F.2d 519 (2d Cir.1976), we clarified that this rule applies even where the order for a new trial is conditional and "accompanied by a provision for remittitur." *Id.* at 522. There, after the jury returned a $60,000 verdict in the plaintiff's favor, the district court denied the defendant's motion for judgment as a matter of law but ordered the plaintiff to decide between a new trial on the issue of damages or a remittitur reducing his recovery to $40,000. *See id.* at 520. The plaintiff initially opted for a new trial, but subsequently accepted the remittitur during jury selection. The plaintiff then at-tempted to appeal the order requiring either remittitur or a new trial. This Court dismissed the appeal, reasoning that neither trial had resulted in a final judgment, as the plaintiff initially elected a new trial but did not "see the second trial through." *Id.* at 522. Under these circumstances, the plaintiff's ultimate decision to accept the remittitur was akin to a settlement and waiver of appeal. *See id.*

■ It is immaterial whether it is the plaintiff or the defendant who attempts to appeal an order for a new trial after the rejection of a remittitur. It also makes no difference whether the new trial ordered by the district court includes liability or is limited to the issue of damages. A new trial solely on the issue of damages renders an order otherwise denying judgment as a matter of law non-final because the court has implicitly vacated the jury's damages award leaving the measure of damages undetermined. Cf. *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham,* 185 F.3d 61, 63–64 (2d Cir.1999) (holding that " 'where liability has been decided but the extent of damages remains undetermined, there is no final order' ") (quoting *Forschner Group Inc. v. Arrow Trading Co.,* 124 F.3d 402, 410 (2d Cir. 1997)). Other circuits have agreed that an appeal in this situation is interlocutory. *See Seltzner v. RDK Corp.,* 756 F.2d 51, 52 (7th Cir.1985) ("[S]ince the plaintiff in this case refused to accept the remittitur, the order from which he is appealing is an order for a new trial, and is not appealable."); *Herold v. Burlington N., Inc.,* 761 F.2d 1241, 1249 (8th Cir.1985) ("An order granting a new trial after the refusal to accept a remittitur is an interlocutory order and not ordinarily appealable.") (citations omitted).

■ The NBA claims it is entitled to appeal under Rule 4(a)(4)(B)(ii) of the Federal Rules of Appellate Procedure which required it to file a notice of appeal from the order conditionally denying its motion. We disagree.

Rule 4(a)(4)(B)(ii) states:

A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) [including a motion for judgment as a matter of law or a new trial], or a judgment altered or amended upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

According to the NBA, an order denying a motion for judgment as a matter of law or for a new trial conditioned on the election of either a remittitur or a new trial becomes final on the date of entry of that order. The NBA, however, fails to appreciate that the period for filing a notice of appeal runs from the "entry of the order *disposing*" of the motion. *Id.* (emphasis added). The district court's order in this case did not dispose of the NBA's post-judgment motion for the purposes of Rule 4(a) because denial of the motion was conditioned on the plaintiff's election of the remittitur or a new trial. The motion, therefore, was disposed of on the date when plaintiff rejected the remittitur and instead opted for a new trial.

Where the plaintiff elects the remittitur, the defendant's time for filing the notice of appeal runs from the date of entry of the amended judgment reduced as a result of the remittitur. *See* Fed.R.Civ.P. 58 (judgment not effective until set forth in separate document and entered on civil docket); *cf. LeBoeuf,* 185 F.3d at 63–64 (appeal of judgment that determined liability but did not set damages was premature and time to file notice of appeal ran from date of entry of amended judgment defining damages in sum certain). Where the plaintiff elects a new trial, however, no final order is entered; rather, the defendant can appeal the issues of liability and damages after the conclusion of the case. *See Air France,* 427 F.2d at 954. The appeal in this case is thus premature because the plaintiff opted for a new trial on damages in the district court.

Finally, the NBA argues that an immediate appeal would serve the interest of judicial economy because it might alleviate the need for a new trial. This Circuit, however, has long preferred to conserve judicial resources by avoiding piecemeal appeals from interlocutory orders, including orders granting a new trial. *See United States v. Sam Goody, Inc.,* 675 F.2d 17, 20 (2d Cir.1982) (noting that the final judgment rule is "designed to prevent the parties from taking piecemeal appeals, leading to judicial inefficiency and unnecessary delay of the conclusion of the litigation"), *superseded on other grounds by statute as stated in United States v. Hundley,* 858 F.2d 58 (2d Cir.1988); *cf. Donovan v. Penn Shipping Co.,* 536 F.2d 536, 537 (2d Cir.1976) ("[W]e agree with appellant's basic contention that already over-extended judicial resources would better be husbanded by permitting immediate appeal from orders of remittitur.").

## CONCLUSION

In sum, we hold that we lack appellate jurisdiction over this appeal because the plaintiff's election of a new trial rendered the district court's order interlocutory and not immediately appealable. The appeal is therefore dismissed.