SUMMARY ORDER
Defendant-Appellant the Town of East Haven (“the Town”) appeals from the decision of the United States District Court for the District of Connecticut (Thompson, J.), which denied its Rule 50 motion for judgment as a matter of law on Plaintiff-Appellee Emma Jones’s claim under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and granted Jones’s motion for a new trial on the issue of compensatory damages. Jones brought a § 1983 suit against the Town alleging that several officers had used excessive force in the fatal pursuit and shooting of her son, Malik Jones, and that the Town’s police department had a policy and practice of, inter alia, violating the constitutional rights of African Americans, which in turn caused the death of her son. The jury found the Town liable on Jones’s Monell claim. As to damages, the jury did not award any compensatory or nominal damages, but awarded $2.5 million in punitive damages. After vacating the punitive damage award — an issue that is not on appeal — the District Court, finding the jury’s verdict to be inconsistent, ordered a new trial on compensatory damages. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
The Town asks that this Court (1) reverse the District Court’s denial of its motion for judgment as a matter of law and (2) find that the District Court erred in granting a new trial on the issue of compensatory damages, or, in the alternative, find that the District Court should have granted a new trial on both liability and damages. Before reaching these questions, we must consider whether we have jurisdiction over this appeal. As the amicus correctly points out, this Court’s jurisdiction under 28 U.S.C. § 1291 is limited to “final decisions,” and because an order granting a new trial is interlocutory, there is currently no appellate jurisdiction. See Compagnie Nationale Air Fr. v. Port of N.Y. Auth., 427 F.2d 951, 954 (2d Cir.1970). We find this case to be very similar to our decision in Ortiz-Del Valle v. National Basketball Ass’n, 190 F.3d 598 (2d Cir.1999) (per curiam), where — as in the instant case — the district court denied the defendant’s post-trial motion for judgment as a matter of law and granted a new trial on damages. The defendant appealed, and we held that we lacked jurisdiction, reasoning that “[a] new trial solely on the issue of damages renders an order other *45 wise denying judgment as a matter of law non-final because the court has implicitly vacated the jury’s damages award leaving the measure of damages undetermined.” Id. at 599. The fact, that in Ortiz-Del Valle the district court denied the motion for judgment as a matter of law conditioned on the plaintiff accepting a new trial on damages or a remittitur does not substantively distinguish its reasoning from the case at bar.
The Town argues that, because this case has been going on for more than a decade and because its arguments are so strong on the merits, the usual rules disfavoring interlocutory appeals should not apply.[2] This “judicial economy” argument was also rejected in Ortiz-Del Valle. See id. at 600. We do not have the authority to hear interlocutory appeals simply because the merits are one-sided, even assuming— which we have no reason to do — that they are. Accordingly, the Town’s appeal is DISMISSED for lack of jurisdiction.

. We are sensitive to the parties' concern that a dismissal for lack of jurisdiction will cause further delay in this already protracted case. But delay alone cannot give us jurisdiction. Cf. E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir.1998) (remanding a case which had been pending for eighteen years to the district court to determine whether, because of a question as to the diversity of some of the parties, federal subject matter jurisdiction existed). Because this case has been pending for over a decade, we urge that further proceedings — including, for example, the District Court's exploring the possibility of settlement or, if necessary, holding a new trial on compensatory damages — be undertaken as expediently as possible.