UNITED STATES of America,
Appellant,

v.

Robert L. DONOVAN and Albert
Andrews, Defendants-
Appellees.

No. 132, Docket 27135.

United States Court of Appeals
Second Circuit.

Submitted Dec. 8, 1961.

Decided March 23, 1962.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York (Arthur I. Rosett, Sheldon H. Elsten, Asst. U. S. Attys., of counsel), for appellant.

Robert L. Donovan, pro se.

Albert Andrews, pro se.

Before WATERMAN, SMITH and MARSHALL, Circuit Judges.

WATERMAN, Circuit Judge.

Robert L. Donovan and Albert Andrews were convicted in 1954 for having violated 18 U.S.C. § 2114, and twenty-five year terms of imprisonment were imposed upon them. See United States v. Donovan, 242 F.2d 61 (2 Cir. 1957). As a result of Donovan's appeal he and Andrews in 1957 were resentenced to serve the same twenty-five year terms. Upon appeal the imposition of these sentences was affirmed. United States v. Donovan and Andrews, 252 F.2d 788 (2 Cir.), cert. denied as to Donovan, 358 U.S. 851, 79 S. Ct. 78, 3 L.Ed.2d 84 (1958); as to An-

drews, 358 U.S. 904, 79 S.Ct. 1287, 3 L. Ed.2d 1256 (1958).

Alleging that he had not been afforded an opportunity to make a statement in his own behalf prior to the imposition of sentence Donovan in 1960 applied to the sentencing court to have his sentence set aside. The application was entitled: "Motion to vacate illegal sentence, pursuant to Rule 32(a) and Rule 35, Federal Rules of Criminal Procedure."[1]

The undisputed facts are that when the case was called for sentence Donovan was present with his retained counsel; that the court inquired: "Is there anything you want to say now?"; and that thereupon in the presence of Donovan his counsel addressed the court at length.

■ Though the trial judge found the facts to be as stated, Donovan's motion was granted. The court below held that statements made to the court by counsel were not enough and that Donovan's personal right of allocution under Rule 32 (a) had been denied him. The court ordered that Donovan be brought from Alcatraz to the United States District Court for the Southern District of New York for resentencing. From this order the Government filed a Notice of Appeal, the docket entry being: "Filed Notice of Appeal by United States Attorney from order of Judge Murphy granting defendant Donovan's motion under Rule No. 35."

It is clear from the decision in Hill v. United States, handed down January 22, 1962, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed. 2d 417, that it was error to have granted the motion.

■ However, before reversing the court below we have been asked to rule upon whether we have jurisdiction of the Government's appeal. Donovan's motion was treated below as a motion under Rule 35, Fed.Rules Crim.Proc., and he has maintained that the Government may not appeal from an adverse ruling upon a petition so brought. Be that as it may, the decision in Hill v. United States, supra, holds that the motion, if based upon Rule 35, was improperly grounded upon that rule, for petitioner does not complain that the sentence itself is an illegal one but complains that the sentencing court, *prior* to the imposition of sentence, denied him his right to address the court. As stated in the majority opinion in Hill, supra, 82 S.Ct. at 472:

"But, as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence. The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect."

After he learned of the success Donovan had obtained Andrews filed an informal motion seeking the vacation of his sentence on the ground that he, too, had been denied his right of allocution. His motion was treated as a motion for collateral relief brought under 28 U.S.C. § 2255; and the court held, as in the case of Donovan, that Rule 32(a) had not been complied with, and ordered that Andrews be produced for resentence. The Government appealed.

Under the holding in Machibroda v. United States, decided February 19, 1962, 368 U.S. 487 (1961), 82 S.Ct. 510, 7 L.Ed. 2d 473, we reverse the order of the district court entered upon the petition of

---

1. The pertinent part of Rule 32(a) is: "(a) Sentence. * * * Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

The pertinent part of Rule 35 is as follows: "The court may correct an illegal sentence at any time."

Andrews. The Supreme Court there said:

"For the reasons stated in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468 [7 L.Ed.2d 417], we hold that the failure of the District Court specifically to inquire at the time of sentencing whether the petitioner personally wished to make a statement in his own behalf is not of itself an error that can be raised by motion under 28 U.S.C. § 2255 or Rule 35 of the Federal Rules of Criminal Procedure."

After the Government's appeal had been perfected Andrews requested us to treat his petition as one brought under Rule 35 of the Federal Rules of Criminal Procedure in order to raise the doubts as to our appellate jurisdiction that Donovan had raised.

■ The United States, to be sure, is without any general appellate remedy from decisions adverse to it in criminal cases except to obtain review of adverse rulings contained within the purview of 18 U.S.C. § 3731.

However, the insistence of the appellees that we should not take any appellate jurisdiction here is mistakenly based on the proposition that the district judge could have properly granted the resentencings under Rule 35. We have pointed out that Rule 35 has no application whatever to a petition based upon a failure to comply with Rule 32(a).

■■ These motions were independent motions and treatable as such. They were not directed at obtaining any review of any judgment of criminal culpability or illegality of sentence. We hold that the Government is not barred from seeking review of the lower court orders. See Carroll v. United States, 354 U.S. 394, 403, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957). If necessary to label the applications at all they are best labeled as petitions brought under 28 U.S.C. § 2255 for it would be under that statute that meritorious claims of violations of Rule 32(a) would be entertainable. It would be correct to do so. In this area adjudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents. See Hill v. United States, supra. The Government is not prevented from appealing adverse decisions upon such petitions. 28 U.S.C. § 2255, para. 6; 28 U.S.C. § 2253.

Therefore, we take appellate jurisdiction of both of the government appeals, reverse both orders below, and direct that both petitions be dismissed by the district court.

MARSHALL, Circuit Judge (concurring).

I concur in the result.