**UNITED STATES of America,
Appellant,**

v.

**Raphael Dwight HUNDLEY, Appellee.**

**No. 750, Docket 87–2407.**

United States Court of Appeals,
Second Circuit.

Argued March 2, 1988.

Decided Aug. 24, 1988.

Emily Berger, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Jon P. Weyman, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for appellant.

James A. Cohen, New York City (Joseph Cerra, Michael Dichiaro, Legal Interns, Fordham Univ. School of Law, New York City, on the brief), for appellee.

Before KAUFMAN, OAKES and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The United States appeals from an order of the District Court for the Eastern District of New York (Jack B. Weinstein, Judge) granting a motion by appellee Raphael Dwight Hundley under 28 U.S.C. § 2255 (1982) to set aside a fifteen-year sentence. The District Court had imposed the sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (Supp. IV 1986), which mandates a fifteen-year minimum sentence for those committing certain firearms offenses who have three prior predicate convictions. Subsequently, the Court invalidated the sentence upon a determination that one of the three predicate convictions relied on by the Government was constitutionally infirm. Hundley was resentenced to an aggregate sentence of five years. We dismiss the appeal because what in form is an appeal from the granting of a motion under section 2255 is in substance an unauthorized appeal by the Government from the five-year sentence. Though the procedure that purports to confer appellate jurisdiction on this Court was developed by the District Court, it cannot suffice to confer upon the Government appellate rights that Congress has not created.

## Background

Hundley was indicted in 1986 on two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. App. § 1202(a)(1) (1982), repealed and reenacted by Firearms Owners' Protection Act, Pub.L. No. 99–308, §§ 102(6)(D), 104(b), 100 Stat. 452, 459 (1986) (codified at 18 U.S.C. § 922(g) (1982 & Supp. IV 1986)), and one count of possession of cocaine, in violation of 21 U.S.C. § 844 (1982 & Supp. IV 1986). The Government sought enhanced sentencing of Hundley under the Armed Career Criminal Act, 18 U.S.C. Appx. § 1202(a) (1982 & Supp. III 1985), repealed and reenacted by Firearms Owners' Protection Act, Pub.L. No. 99–308, §§ 104(a)(4), 104(b), 100 Stat. 458, 459 (1986) (codified at 18 U.S.C. § 924(e) (Supp. IV 1986)). Under that Act, possession of a firearm by a convicted felon is punishable by a mandatory minimum sentence of fifteen years if the defendant has three or more prior convictions for certain crimes, including robbery. The Government notified the District Court that Hundley had three prior robbery convictions and moved to have him sentenced under the enhancement provision, should he be convicted on the gun possession charges. Hundley opposed application of the Armed Career Criminal Act on the ground that one of the three predicate convictions proffered by the Government—Hundley's 1977 bank robbery conviction in the District Court for the Western District of Pennsylvania (the "1977 conviction")—was constitutionally defective. He argued that the 1977 conviction violated his Sixth Amendment right to self-representation because the trial court

had improperly discouraged him from proceeding *pro se.* He sought to preclude the use of the 1977 conviction before he would plead guilty to the gun possession charges.

Following argument by the parties, the District Judge expressed his view that the 1977 conviction had been obtained in violation of Hundley's constitutional rights and "should be set aside for purposes of [the] enhancement statute." Defense counsel urged the Judge to make that ruling prior to entry of a plea, contending that Hundley was entitled to know before he pled whether or not he was subject to a mandatory minimum sentence. *See* Fed.R.Crim.P. 11(c)(1). However, the Judge declined to make the ruling at that point because he did not want to deny the Government "its right to appeal." From the colloquy with counsel, it is evident that the Judge believed that if he invalidated the 1977 conviction prior to the plea and then imposed sentence without enhancement, the Government could not appeal from the sentence and would have no opportunity to secure review of the ruling on the 1977 conviction. In order to provide the Government with "something to appeal," Judge Weinstein proposed the following unusual procedure: First, he would accept guilty pleas from Hundley to the three counts of the indictment, with the minimum sentence stated to be fifteen years pursuant to the enhancement statute; second, he would immediately entertain an oral motion to set aside the enhanced sentence under section 2255; third, he would immediately grant the motion on the ground that the 1977 predicate conviction was invalid; and finally, he would resentence Hundley without regard to the enhancement statute.

In light of the procedure outlined by Judge Weinstein, Hundley agreed to plead guilty to the gun possession and narcotics charges. In accordance with that procedure, Hundley was informed at the plea proceeding that the enhancement statute was applicable and that he was subject to a mandatory minimum term of fifteen years. Defense counsel unsuccessfully renewed his motion to have the District Court determine the validity of the 1977 conviction prior to the plea. Hundley then pled

guilty. At the subsequent sentencing hearing, Judge Weinstein implemented the remaining steps of his procedure. After sentencing Hundley to the mandatory minimum fifteen-year prison term under the enhancement statute, he immediately granted a motion by the defendant under section 2255 to set aside the sentence on the ground that the 1977 conviction was invalid. The Court promptly resentenced Hundley without enhancement to two years on each of the two firearms counts and one year on the cocaine count, all sentences to run consecutively—an aggregate sentence of five years.

The Government appeals on the ground that the 1977 conviction was valid and the District Judge was therefore required to impose an enhanced sentence.

## Discussion

We raised on our own motion the issue of whether the Government is authorized to appeal the District Court's ruling under the circumstances of this case. We invited and have received the views of the parties on this issue.

█ Normally an appeal may be taken by the Government from a final ruling in proceedings under section 2255. *See* 28 U.S.C. § 2255 (incorporating appealability provisions of 28 U.S.C. § 2253). However, in assessing the Government's right to appeal, " '[w]e must be guided ... not by the name the court gave [its decision] but by what in legal effect it actually was.' " *United States v. Sisson,* 399 U.S. 267, 279 n. 7, 90 S.Ct. 2117, 2124 n. 7, 26 L.Ed.2d 608 (1970) (quoting *United States v. Waters,* 175 F.2d 340, 341 (D.C.Cir.), *appeal dismissed,* 335 U.S. 869, 69 S.Ct. 168, 93 L.Ed. 413 (1948)). The record of the proceedings before Judge Weinstein makes clear that at the time Hundley was initially sentenced to fifteen years, the Court believed that the Armed Career Criminal Act was inapplicable and the Court intended ultimately to give Hundley an unenhanced sentence. Our jurisdiction depends, therefore, on whether the Government could have appealed Hundley's unenhanced sen-

tence if it had been imposed as an initial matter rather than after the defendant's successful section 2255 motion. For *if* the Government could not have appealed directly from a sentence originally imposed without enhancement, it cannot acquire such a right by the contrivance of a staged plea and sentence to the mandatory fifteen-year minimum followed by a pre-determined collateral attack. Under such circumstances, the section 2255 motion would constitute a collusive suit, arranged between the sentencing judge and the Government over the defendant's objection,[1] to create a substitute for an appeal that the Government could not otherwise take. As will appear, we conclude, in agreement with what Judge Weinstein implicitly recognized, that the Government could not have appealed if Hundley had initially been given an unenhanced sentence. An appeal from a ruling in a contrived collateral attack as a means of creating an appeal from the sentence is therefore improper.

It is fundamental that "the United States has no right of appeal in a criminal case absent explicit statutory authority." *United States v. Scott*, 437 U.S. 82, 84–85, 98 S.Ct. 2187, 2190, 57 L.Ed.2d 65 (1978); *see Arizona v. Manypenny*, 451 U.S. 232, 245, 101 S.Ct. 1657, 1666, 68 L.Ed.2d 58 (1981); *United States v. DiFrancesco*, 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980); *United States v. Wilson*, 420 U.S. 332, 336, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975); *United States v. Sanges*, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445 (1892). This rule is based on the well-settled principle in federal jurisprudence that "appeals by the Government in criminal cases are something unusual, exceptional, not favored." *Carroll v. United States*, 354 U.S. 394, 400, 77 S.Ct. 1332, 1336, 1 L.Ed.2d 1442 (1957). Additionally, the policy "has deep roots in the common law, for it was generally understood, at least in this country, that the sovereign had no right to appeal an adverse criminal judgment unless expressly authorized by statute to do so." *Arizona v. Manypenny, supra,* 451 U.S. at 245, 101 S.Ct. at 1666 (footnote omitted).

■ We can find no explicit statutory authority for the Government to appeal an order imposing an unenhanced sentence on the ground that a predicate conviction was improperly excluded from consideration. The Armed Career Criminal Act does not authorize Government appeals from a district court's determination that the Act is inapplicable. The statute differs in this regard from several other sentence enhancement statutes in which Congress has explicitly permitted the Government to appeal adverse rulings. *See* 18 U.S.C. §§ 3575, 3576 (1982) (dangerous special offenders); 21 U.S.C. § 849(h) (1982) (dangerous special drug offenders).[2] The Government argues that its appeal should be permitted under the Armed Career Criminal Act as "analogous" to these other statutes. In our view, however, Congress' explicit authorization of sentence appeals under those statutes only underscores the significance of the absence of similar authority under the Armed Career Criminal Act. Thus, we reject the Government's argument that the appeal in this case is warranted because such appeals are "routinely available" under other enhancement provisions that provide for them.

---

**1.** The Government contends that defense counsel "expressly acknowledged" the Government's right to appeal from the District Court's decision invalidating the 1977 conviction. The record shows, however, that defense counsel twice objected to the District Court's attempt to confer appellate rights on the Government, arguing that Hundley had the right to have the validity of the 1977 conviction finally determined before he pled guilty and was sentenced. Though defense counsel ultimately acquiesced in the collateral attack procedure after the District Court refused to rule on the 1977 conviction before plea and sentencing, defense counsel never expressly acknowledged the Government's right to appeal. In any event, appellate jurisdiction cannot be conferred by the consent of the parties.

**2.** Both of these provisions have been repealed with respect to crimes committed after November 1, 1987. *See* Sentencing Reform Act of 1984, Pub.L. No. 98–473, §§ 212(a)(2), 219(a), 235(a)(1), 98 Stat. 1987, 2027, 2031 (1984), *amended by* Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985), and Sentencing Act of 1987, Pub.L. No. 100–182, § 2(a), 101 Stat. 1266 (1987).

Since the specific sentencing statute involved in this case does not authorize the Government's appeal, we must look to other more general statutes. Courts have found express authority for Government appeals of some sentencing orders in the Criminal Appeals Act, 18 U.S.C. § 3731 (1982 & Supp. IV 1986), and the Judicial Code's general provision relating to jurisdiction of the courts of appeals, 28 U.S.C. § 1291 (1982). It is our view, however, that neither of these statutes authorizes the Government's appeal under the circumstances of this case.

The Criminal Appeals Act, 18 U.S.C. § 3731, allows the United States to appeal from a limited variety of orders in criminal cases.[3] Though sentencing orders are not expressly mentioned, several courts have held that the Act authorizes Government appeals from such orders. *See United States v. Edmonson*, 792 F.2d 1492, 1496–97 (9th Cir.1986), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 892, 93 L.Ed.2d 844 (1987); *United States v. Wright Contracting Co.*, 728 F.2d 648, 650 (4th Cir.1984); *United States v. Prescon Corp.*, 695 F.2d 1236, 1240 (10th Cir.1982). These decisions are based on broad language in *United States v. Wilson, supra,* a case involving an appeal from the dismissal of an indictment, that by enacting section 3731, "Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." 420 U.S. at 337, 95 S.Ct. at 1019; *accord United States v. Scott, supra,* 437 U.S. at 85, 98 S.Ct. at 2190–91; *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 568, 97 S.Ct. 1349, 1352–53, 51 L.Ed.2d 642

(1977); *see also United States v. DiFrancesco, supra,* 449 U.S. at 132–38, 101 S.Ct. at 434–38 (Double Jeopardy Clause does not bar Government appeals from sentences). Other courts have declined to give such sweeping effect to the statute, reasoning that section 3731 by its terms does not apply to sentencing orders. *See United States v. Horak*, 833 F.2d 1235, 1247–48 (7th Cir.1987); *United States v. Ferri*, 686 F.2d 147, 150–51 (3d Cir.), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1982); *United States v. DeMier*, 671 F.2d 1200, 1204 n. 12 (8th Cir.1982); *United States v. Denson*, 588 F.2d 1112, 1125–26 (5th Cir.), *vacated on other grounds,* 603 F.2d 1143 (1979) (in banc).

We agree with those courts that have held that sentencing orders are not appealable by the Government under section 3731. The statute plainly limits appeals by the United States to specified categories of district court orders—those (1) dismissing an indictment or granting a new trial, (2) suppressing evidence or requiring the return of seized property, and (3) relating to the temporary release of a person charged or convicted of an offense. Sentencing orders are not included in the statute, nor are they even similar to any of the types of orders that are included. In light of the statute's precisely drawn provisions and the well-settled principle that Government appeals must be *explicitly* authorized by Congress, this conspicuous absence is highly significant. *See United States v. Denson, supra,* 588 F.2d at 1125–26; *United States v. Horak, supra,* 833 F.2d at 1247–48; *United States v. Ferri, supra,* 686 F.2d at 150–51.

---

**3.** 18 U.S.C. § 3731 provides, in pertinent part, as follows:

    In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

    An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

    An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

We are further impressed by the fact that, as noted above, Congress has expressly authorized Government appeals of sentences in some enhancement statutes, *e.g.*, 18 U.S.C. §§ 3575, 3576 (dangerous special offenders), 21 U.S.C. § 849(h) (dangerous special drug offenders), but not in others, *e.g.*, 18 U.S.C. § 924(e) (armed career criminals). This distinction would be superfluous if Congress had intended section 3731 to allow the Government to appeal all sentences. *See United States v. Horak, supra*, 833 F.2d at 1248. Finally, we note that when Congress undertook a wholesale revision of sentencing law in the Sentencing Reform Act of 1984, it authorized Government appeals from any sentence "in violation of law." Pub.L. No. 98–473, § 213(a), 98 Stat. 2011 (codified at 18 U.S.C. § 3742(b)(1) (Supp. IV 1986)).[4] This addition to the Criminal Code " 'suggests that Congress understood the preexisting law to provide that such [sentencing] orders were not appealable.' " *United States v. Horak, supra*, 833 F.2d at 1248 n. 12 (quoting *Government of the Virgin Islands v. Douglas*, 812 F.2d 822, 831 n. 9 (3d Cir. 1987)).

We are mindful of the Supreme Court's seemingly broad construction of section 3731 in *United States v. Wilson, supra*. However, we are convinced that the Court's statement in that case, that Congress intended to remove statutory barriers to Government appeals, does not cover appeals from sentencing orders. The statement occurs in the course of pointing out that section 3731 was a significant expansion of the old Criminal Appeals Act. That Act had allowed Government appeals from decisions dismissing indictments or arresting judgments only where the decision was "based upon the invalidity, or construction of the statute upon which the indictment [was] founded," Pub.L. No. 59–223, 34 Stat. 1246 (1907) (amended 1971), a limitation that the Court termed "highly technical." *United States v. Wilson, supra*, 420 U.S. at 337, 95 S.Ct. at 1018. Focusing on language in the new statute permitting the

Government to appeal " 'from a decision, judgment, or order of a district court *dismissing an indictment or information* . . . except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution,' " *id.* at 338, 95 S.Ct. at 1019 (quoting section 3731) (emphasis added), the Court explained that section 3731 was adopted to eliminate the technical statutory limitations. 420 U.S. at 337, 95 S.Ct. at 1018–19. Thus, when the Court says "all statutory barriers" are removed, it is speaking within a pertinent context and is properly understood to mean all statutory barriers to appeals from the dismissal of an indictment. *See Serfass v. United States*, 420 U.S. 377, 387, 95 S.Ct. 1055, 1061–62, 43 L.Ed.2d 265 (1975) (In enacting section 3731, Congress "determined to 'assure that the United States may appeal from *the dismissal* of a criminal prosecution by a district court in all cases where the Constitution permits.' ") (quoting S.Rep. No. 91–1296, 91st Cong., 2d Sess. 2–3 (1970)) (emphasis added); *United States v. Martin Linen Supply Co., supra*, 430 U.S. at 578, 97 S.Ct. at 1358 (Stevens, J., concurring) ("The legislative history [of section 3731] demonstrates that Congress intended to eliminate nonconstitutional barriers to *appeals from dismissals*, but did not intend to allow appeals from acquittals.") (emphasis added). This observation was relevant in *Wilson* because that case involved the dismissal of an indictment. *See also United States v. Scott, supra* (partial dismissal of an indictment); *United States v. Martin Linen Supply Co., supra* (judgment of acquittal pursuant to Fed.R. Crim.P. 29(c)). *Wilson* does not purport to say that the Government may appeal from orders such as sentencing orders that do not involve the dismissal of a prosecution and that are not included in other section 3731 categories.

The other statute upon which courts have relied in permitting Government appeals from sentencing orders is 28 U.S.C. § 1291 (1982), which gives to the courts of

---

**4.** The 1984 revision applies to crimes committed after November 1, 1987. *See* Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 2031 (1984), *amended by* Sentencing Reform Amendments Act of 1985,

Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985), and Sentencing Act of 1987, Pub.L. No. 100–182, § 2(a), 101 Stat. 1266 (1987).

appeals jurisdiction over appeals from all "final decisions" of the district courts. The general rule is that section 1291 does not authorize Government appeals in criminal cases. *Arizona v. Manypenny, supra,* 451 U.S. at 246, 101 S.Ct. at 1666–67; *DiBella v. United States,* 369 U.S. 121, 130, 82 S.Ct. 654, 659–60, 7 L.Ed.2d 614 (1962). However, in *Carroll v. United States, supra,* the Supreme Court suggested that such appeals may be permissible from a small number of criminal orders analogous to civil orders that are appealable under the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949):

> [C]ertain orders relating to a criminal case may be found to possess sufficient independence from the main course of the prosecution to warrant treatment as plenary orders, and thus be appealable on the authority of 28 U.S.C. § 1291 without regard to the limitations of 18 U.S.C. § 3731, just as in civil litigation orders of equivalent distinctness are appealable on the same authority without regard to the limitations of 28 U.S.C. § 1292. [footnote citing *Cohen* ]. The instances in criminal cases are very few.... In such cases, as appropriate, the Government as well as the moving person has been permitted to appeal from an adverse decision.

*Carroll v. United States, supra,* 354 U.S. at 403–04, 77 S.Ct. at 1338–39. *Carroll*

noted that only one prior Supreme Court opinion had expressly applied the *Cohen* analysis in the criminal context. *See Stack v. Boyle,* 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951) (permitting defendant's appeal of bail order). *Carroll* itself held that an order suppressing evidence was not sufficiently independent from the course of the prosecution to warrant a Government appeal. 354 U.S. at 404, 77 S.Ct. at 1338–39.[5]

The cases conflict as to whether section 1291 as construed in *Carroll* authorizes the Government to appeal sentencing orders. In *United States v. Busic,* 592 F.2d 13 (2d Cir.1978), the Government cross-appealed a sentence on the ground that the district judge had impermissibly designated the defendant to be eligible for parole after serving only eight years of her life sentence, rather than the ten-year mandatory minimum that the Government contended was required under the applicable sentencing statute. We permitted the cross-appeal because the sentencing order, to the extent it included an early parole designation, "possesse[d] the necessary 'characteristics of independence and completeness' required for review under 28 U.S.C. § 1291 without regard to the limitations of 18 U.S.C. § 3731." *Id.* at 25–26 (quoting *Carroll v. United States, supra,* 354 U.S. at 406, 77 S.Ct. at 1339).[6] Several other courts have similarly held that some sentencing orders are appealable by the Government under section 1291, *see United States v. Mayo,*

**5.** Since *Carroll,* the Supreme Court has relied on the criminal collateral order doctrine in *Abney v. United States,* 431 U.S. 651, 659 & n. 4, 97 S.Ct. 2034, 2040 & n. 4, 52 L.Ed.2d 651 (1977), but that case involved an appeal by a *defendant* from an order rejecting his double jeopardy claim. The courts of appeals have permitted *Government* appeals under section 1291 from orders disqualifying a United States Attorney's office in a pending prosecution, *United States v. Caggiano,* 660 F.2d 184, 189–90 (6th Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1444, 71 L.Ed.2d 658 (1982), denying the Government's motion to dismiss a prosecution, *United States v. Cowan,* 524 F.2d 504, 507 (5th Cir.1975), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976), and directing the return of seized property, *United States v. Fields,* 425 F.2d 883, 886 (3d Cir.1970). In *United States v. Sam Goody, Inc.,* 675 F.2d 17, 21–22 (2d Cir.1982), this Court determined that an order granting a

new trial was not sufficiently final or collateral to give the Government a right to appeal. Congress subsequently amended section 3731 to permit Government appeals from orders "granting a new trial after verdict or judgment." Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 1206, 98 Stat. 2153 (1984).

**6.** We also had occasion to consider *Carroll*'s application to a sentencing appeal in *United States v. Donovan,* 301 F.2d 376 (2d Cir.1962), *rev'd, Andrews v. United States,* 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963), although our decision in that case permitted the appeal on the basis of 28 U.S.C. § 2255 rather than 28 U.S.C. § 1291. In *Donovan,* the defendants had filed motions six years after their convictions to set aside their sentences on the ground that they had not been given an opportunity to make statements in their own behalf as provided for in Fed.R.Crim.P. 32(a). The District Court

721 F.2d 1084, 1092 n. 9 (7th Cir.1983); *United States v. Prescon Corp., supra,* 695 F.2d at 1241–42; *United States v. DeMier, supra,* 671 F.2d at 1203–04; *United States v. United States District Court for the Northern District of Ohio,* 645 F.2d 7, 8 (6th Cir.1981); *United States v. United States District Court, Central District of California,* 601 F.2d 379, 380 (9th Cir. 1978), while others have rejected this analysis, *see United States Horak, supra,* 833 F.2d at 1247 n. 10; *Government of the Virgin Islands v. Douglas, supra,* 812 F.2d at 830–32; *United States v. Dean,* 752 F.2d 535, 540 (11th Cir.1985), *cert. denied,* 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986); *United States v. Denson, supra,* 588 F.2d at 1126; *see also United States v. Ferri, supra,* 686 F.2d at 151–52 (dictum).

▮ We believe that the District Court's decision in the present case not to apply the Armed Career Criminal Act is not one of the "very few" rulings sufficiently independent "from the main course of the prosecution" to warrant a Government appeal under section 1291 as construed by *Carroll.* Sentencing is a key element of any criminal prosecution. Indeed, "sentencing orders are themselves the final judgments in criminal cases," *Government of the Virgin Islands v. Douglas, supra,* 812 F.2d at 831 (citing *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 165–66, 82 L.Ed. 204 (1937)), and "[t]he sentencing process is the inevitable culmination of a successful prosecution; it is an integral aspect of a conviction," *United States v. Denson, supra,* 588 F.2d at 1126. Particularly where as here the Government challenges the length of imprisonment imposed—the essence of a criminal sentence—the appeal is not in any sense independent of the main course of the prosecution.

▮ Our decision in *Busic* is distinguishable from the circumstances of this case. In *Busic* the Government's cross-appeal

was directed at a discrete element of the sentencing order, the early parole designation, and the Government did not challenge any other aspect of the defendant's life sentence. Moreover, it was the early parole designation that this Court determined to be sufficiently independent and complete to allow a Government appeal under section 1291. 592 F.2d at 25. Here, in contrast, the Government's appeal is not limited to a discrete, independent, or collateral aspect of the defendant's sentence; rather, it concerns the very essence of the sentencing determination. The Government contends that the five-year sentence imposed was illegal and that Hundley should be resentenced under an enhancement statute that the District Court found had not been proven to be applicable. Granting the Government's appeal would not simply subject Hundley to different conditions of confinement in the course of an otherwise uncontested sentence as in *Busic* but would subject him to a completely new, and substantially longer, sentence. While we recognize that there may be elements of a sentencing order that are sufficiently removed from the main course of the prosecution to permit a Government appeal, we are satisfied that where the applicability of a sentencing enhancement statute is at issue, an appeal by the Government is not authorized under the criminal collateral order doctrine.

The Government insists that whether or not there is express statutory authority, it must be granted a right to review in cases such as this in order to prevent district judges from ignoring congressionally mandated sentences. But there is no room for an argument that without explicit congressional approval the Government has a right to appeal in a criminal case out of some notion of necessity:

> Congress clearly contemplated when it placed drastic limits upon the Govern-

---

granted the motions, and ordered that the defendants be returned for resentencing. The Government appealed. We said that the appeals were proper because the defendants' motions were in actuality petitions for collateral review under 28 U.S.C. § 2255, even though at least one was labeled as a motion for correction of an illegal sentence under Fed.R.Crim.P. 35(a). 301 F.2d at 378. Additionally, we stated that the

motions were "independent" under *Carroll* because they "were not directed at obtaining any review of any judgment of criminal culpability *or illegality of sentence." Id.* (emphasis added). The Supreme Court agreed that the orders appealed from had granted collateral relief under section 2255 but reversed on the ground that such orders were not final because the defendants had not yet been resentenced.

ment's right of review in criminal cases that it would be completely unable to secure review of some orders having a substantial effect on its ability to secure criminal convictions. This Court cannot and will not grant the Government a right of review which Congress has chosen to withhold.

*Will v. United States,* 389 U.S. 90, 97 n. 5, 88 S.Ct. 269, 274 n. 5, 19 L.Ed.2d 305 (1967); *see DiBella v. United States, supra,* 369 U.S. at 130, 82 S.Ct. at 659–60; *Carroll v. United States, supra,* 354 U.S. at 407–08, 77 S.Ct. at 1340–41; *United States v. DiStefano,* 464 F.2d 845, 850 (2d Cir.1972). Moreover, the Government need not fear that district judges will be able to flout the clear requirements of sentencing statutes with impunity, even in those few cases likely to arise before the effective date of the Sentencing Reform Act of 1984, since the mandamus remedy is available in appropriate cases. *See, e.g., United States v. Jackson,* 550 F.2d 830, 831 (2d Cir.1977) (dispute as to "the district judge's power to impose the sentence that he did ... has long been recognized as falling squarely within the narrow range of cases for which mandamus is appropriate").

Having determined that the Government would have had no right to appeal if the District Court had originally imposed an unenhanced sentence, we conclude that the mechanism of a staged collateral attack was an improper means of conferring appellate rights on the Government. As discussed above, where the Government has no right to appeal, an appeal may not be artificially engineered by the label a district court gives its order, *see United States v. Sisson, supra,* 399 U.S. at 279 n. 7, 90 S.Ct. at 2124 n. 7, even if accompanied by the creative procedures used here. It is

understandable that Judge Weinstein, faced with what he perceived as a close case, wished to afford the Government an opportunity to review his ruling that the 1977 conviction could not serve as a basis for sentence enhancement under 18 U.S.C. § 924(e). Nevertheless, the District Court had no power to confer appellate rights on the Government; only Congress can do that.[7] We therefore dismiss the appeal, thereby leaving in place, unreviewed, the sentence the District Judge concluded was appropriate.

Appeal dismissed.

---

**7.** We do not mean to suggest that a district judge is prohibited from making rulings that have the effect of conferring appellate rights on the Government where the district judge is specifically authorized to do so. For example, if a defendant moves at the close of the Government's case for a judgment of acquittal on the ground that the evidence is insufficient, the district judge is authorized by Fed.R.Crim.P. 29(b) to reserve decision on the motion, to submit the case to the jury, and to grant the motion after the jury returns a verdict of guilty. The effect of this procedure is to confer upon the Govern-

ment a right to appeal: Double jeopardy would bar the Government from appealing a judgment of acquittal entered before a verdict since reversal of the acquittal would result in a retrial, *see United States v. Scott, supra,* 437 U.S. at 91, 98 S.Ct. at 2193–94, but does not bar appeal of an acquittal entered after a guilty verdict because reversal requires only reinstatement of the conviction, *see id.* at 91 n. 7; *United States v. Covino,* 837 F.2d 65, 67–68 (2d Cir.1988); *United States v. De Garces,* 518 F.2d 1156, 1159 (2d Cir.1975).