892 F.2d 80
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Leonard M. YAGER (89-5004); and Thomas J. Esposito
(89-5005), Defendants-Appellees.
 Nos. 89-5004, 89-5005.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant United States of America appeals the sentencing order of the district court on the ground that the defendants-appellees should have been sentenced to fifteen-year terms as armed career criminals. For the reasons that follow, we reverse.
 
 I.
 
 2
 On May 2, 1988, defendants-appellees Leonard Morris Yager and Thomas Joseph Esposito were named in a nine-count indictment by the grand jury in the Western District of Tennessee. The two were accused of breaking into homes in Arkansas, stealing property, and then selling the stolen property, including firearms, to undercover officers in Memphis, Tennessee. Counts 1, 4, and 7 charged both Yager and Esposito with the interstate transportation of stolen firearms. Counts 3, 6, and 9 charged Yager with being a felon in possession of firearms, and these counts included an express notice of the government's intent to seek imposition of an enhanced fifteen-year sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). Counts 2, 5, and 8 charged Esposito with being a felon in possession of firearms, and included the notice that the government would seek imposition of an enhanced fifteen-year sentence against him as well.
 
 
 3
 On August 17, 1988, Yager and Esposito pleaded guilty to all of the counts lodged against them. Prior to sentencing, defendants filed a "Motion to Preclude the Use of Certain Conviction Records Against Defendants for Purposes of Sentencing Enhancement." Each defendant had been convicted of several counts of second-degree burglary in Tennessee in prior years, but they argued that the district court should not consider those convictions in sentencing because second-degree burglary, as defined by Tennessee statutes, did not constitute a "violent felony" as defined by the ACCA.
 
 II.
 
 4
 On November 10, 1988, the district court conducted a hearing on the defendants' motion. The district court first determined that the statutory offense of second-degree burglary did not constitute "burglary" as defined by the ACCA. The district court then granted the defendants' motion and, acting on its own initiative, dismissed the felon-in-possession counts against each defendant.[1] The district court then sentenced Yager and Esposito each to twenty-four months imprisonment.
 
 
 5
 On December 14, 1988, the United States filed a timely notice of appeal, and on December 21, 1988, the district court filed a "Statement of Reasons for Imposing Sentences." This court then consolidated the two appeals for briefing and oral argument.
 
 
 6
 In an opinion filed August 9, 1988, we held in another appeal that convictions under the Tennessee second-degree burglary statute counted as "violent felonies" within the ACCA. United States v. Taylor, 882 F.2d 1018, 1028 (6th Cir.1989). In the meantime, on June 12, 1989, defendants moved to dismiss the government's appeal on the ground that the government lacked the statutory authority to appeal a sentencing order of the district court.
 
 
 7
 "[A]ppeals by the Government in criminal cases are something unusual, exceptional, not favored." Carroll v. United States, 354 U.S. 394, 400 (1957). It is a basic premise in American jurisprudence that the government cannot appeal an adverse ruling in a criminal case unless it has specific statutory authorization to do so. Arizona v. Manypenny, 451 U.S. 232, 245 (1981). The ACCA itself does not authorize the government to take an appeal from a sentencing order. United States v. Patterson, 882 F.2d 595, 597 (1st Cir.1989); United States v. Palmer, 871 F.2d 1202, 1209-1210 (3d Cir.), cert. denied, 110 S.Ct. 233 (1989); United States v. Hundley, 858 F.2d 58, 61 (2d Cir.1988).
 
 
 8
 However, we find that the government has authority to bring this appeal based upon 18 U.S.C. § 3731. That statute provides in part:
 
 
 9
 In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts....
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 The provisions of this section shall be liberally construed to effectuate its purposes. (Emphasis added).
 
 
 13
 During the hearing on defendants' motion to dismiss, the district court stated:
 
 
 14
 THE COURT: All right, that's fine. All right, let me get with Mr. Yager. I'm going to call on the defendants one more time and see if they have anything else to say but I want to explain to them that I have granted the motions and I'm dismissing the counts on the charge because I'm going to hold that burglary in the second degree is not within the--is not a violent felony within the meaning of 922-E or 24, whichever it is.
 
 
 15
 And the Government is certainly entitled to appeal this and I will expect they will. Now if the Court of Appeals reverses me then you all--I can't do anymore for you or to you, it's fifteen years.
 
 
 16
 J.A. 92 (emphasis added).
 
 
 17
 This passage illustrates that the district court, acting sua sponte, dismissed "one or more counts" of the indictment. Consequently, the government is authorized to bring this appeal under 18 U.S.C. § 3731. See Serfass v. United States, 420 U.S. 377, 387 (1975); United States v. Levasseur, 846 F.2d 786, 788-90 (1st Cir.), cert. denied, 109 S.Ct. 232 (1988); United States v. Russell, 804 F.2d 571, 573 (9th Cir.1986); United States v. Tom, 787 F.2d 65, 69 (2d Cir.1986).
 
 III.
 
 18
 Accordingly, in accordance with our decision in Taylor, 882 F.2d at 1022-23, the judgment of the district court is REVERSED, and this case is REMANDED with instructions that the district court reinstate the felon-in-possession counts it dismissed previously and sentence each defendant in accordance with the ACCA.
 
 
 
 [1]
 While the judgments against Yager, J.A. 36, and Esposito, J.A. 38, indicate that the felon-in-possession counts were dismissed on the motion of the United States, a review of the transcript of the sentencing hearing makes it clear that the district court was acting sua sponte when it dismissed these counts. J.A. 92