**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued:  January 14, 2009                    (Decided: December 18, 2009)

Docket No. 07-5493-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Edward  Tuccio,

         *Plaintiff-Appellant*,

Patriots Way LLC,

         *Plaintiff*,

v.

Rudy Marconi and Town of Ridgefield,

         *Defendant-Appellees,*

Betty Brosius,

         *Defendant.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

[*]The Clerk of the Court is instructed to amend the official caption in this case to conform to the listing of the parties above.

Before: LEVAL, CABRANES, and LIVINGSTON, *Circuit Judges*.

Appeal by plaintiff from an order of the United States District Court for the District of Connecticut (Dorsey, *J.*) setting aside a jury verdict in plaintiff's favor, which found that officials of the defendant Town violated Plaintiff's right to petition the government under the First Amendment by refusing to meet with him in retaliation for plaintiff's suit against the Town. Because the evidence was insufficient to show that the defendants violated a constitutional right of the plaintiff, the Court of Appeals (Leval, *J.*) affirms.

JOHN R. WILLIAMS, John R. Williams & Associates, LLC, New Haven, Connecticut, for *Appellant*s.

THOMAS R. GERARDE, Howd & Ludorf, LLC, Hartford, Connecticut, for *Appellees*.

LEVAL, *Circuit Judge*:

Plaintiff Edward Tuccio appeals from an order of the United States District Court for the District of Connecticut (Dorsey, *J.*), setting aside a jury finding that defendants the Town of Ridgefield, Connecticut (the "Town"), and Town selectman Rudy Marconi violated Tuccio's right to petition the government under the First Amendment by refusing to meet with him in retaliation for his filing a lawsuit against Marconi and the Town.[1] The district court granted judgment as a matter of law in favor of the defendants, dismissing Tuccio's suit under 42 U.S.C. § 1983. Because there was insufficient evidence to support a reasonable finding of a violation of Tuccio's First Amendment rights, we affirm the district court's order granting judgment as a

---

[1]The jury found in favor of co-defendant Betty Brosius, the Town's Director of Planning and Zoning.

matter of law.

**BACKGROUND**

In the summer of 2005, Patriots Way LLC, a development company of which Tuccio is a principal, obtained the right to acquire land in the Town to develop and construct a group of residences. To move forward with the project, Patriots Way required permission from the Ridgefield Water Pollution Control Authority ("WPCA") to extend the Town's sanitary sewer system to the land targeted for development. Because of limited sewer capacity, WPCA's grant of permission depended on the Town's Board of Selectmen's grant of a permit for Patriots Way to use some of the sewer capacity allocated to a nearby recreation center. Tuccio solicited the support of Selectman Marconi.

Tuccio was scheduled to present his proposal to the Board in October 2005. After learning that Tuccio had filed an unrelated lawsuit against a local police officer, the Board deferred the meeting. A Town attorney wrote to Tuccio that he was not required to abandon his suit against the police officer to obtain a meeting with the Board or to gain its support for the project. Tuccio eventually presented his plans to the Board in November 2005 and February 2006. In May 2006, by a 5-0 vote, the Board denied Tuccio's request to transfer a portion of the recreation center's sewer capacity to the Patriots Way development. (That denial is not a subject of this appeal.)

In June 2006, Tuccio and Patriots Way filed the first installment of this suit (the "June lawsuit"), alleging that the Board rejected the sewer extension plan in retaliation for Tuccio's suit

against the police officer. In August 2006, Tuccio called co-defendant Betty Brosius, the Town's Director of Planning and Zoning, to request a private meeting, demanding that Brosius meet him at his office in Danbury rather than at her office in the Town, and declining to advise her of the purpose of the meeting. Brosius responded that she would check with a Town attorney before agreeing to meet. An attorney for the Town later wrote to Tuccio's attorney, with copies to Town officials, that if Tuccio wished to communicate with Town officials during the pendency of the June lawsuit, he should do so in writing.

Thereafter, at the end of August 2006, Tuccio brought a second installment of this suit against the Town, Marconi, and Brosius (the "August lawsuit"), claiming that the Town officials' refusal to meet with him was a retaliatory deprivation of his First Amendment right to petition the government and a violation of his Fourteenth Amendment equal protection rights. Tuccio alleges he attempted to meet with Marconi and Brosius on other occasions at unspecified times during the summer and fall of 2006, and they refused to meet with him. In October 2006, in response to Tuccio's "hostile and intimidating" conduct in a telephone conversation with Brosius, the district court granted the defendants' motion for a protective order restricting ex parte contact between Tuccio and Town officials, except through counsel or as needed in the context of a pending application before a Town body.

The district court consolidated the June and August suits. The court dismissed all the claims in the June lawsuit and the equal protection claim in the August lawsuit. Plaintiff has not appealed those orders. The First Amendment claim asserted in the August lawsuit proceeded to

trial. *See Patriots Way, LLC v. Marconi*, Nos. 3:06 CV 874 (PCD), 3:06 CV 1302 (PCD), 2007 WL 988712 (D. Conn. Mar. 30, 2007).  After deliberations, the jury found that Marconi and the Town, but not Brosius, retaliated against Tuccio for his June lawsuit by refusing to meet with him, and awarded him $1 in damages.

Marconi and the Town moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.  The district court granted the motion, finding that plaintiff's evidence did not reasonably support a verdict in his favor.  *Patriots Way, LLC v. Marconi*, Nos. 3:06 CV 874 (PCD), 3:06 CV 1302 (PCD) (D. Conn. Oct. 25, 2007).   We affirm.

**DISCUSSION**

A motion under Rule 50 for judgment as a matter of law following a jury verdict will be granted only if, viewing the evidence in the light most favorable to the non-moving party, a reasonable juror would be compelled to find in favor of the moving party. *Zellner v. Summerlin*, 494 F.3d 344, 370-71 (2d Cir. 2007).  We review a district court's decision to grant such a motion *de novo*.  *Nadel v. Isaksson*, 321 F.3d 266, 272 (2d Cir. 2003).

The only claim on which the jury found for Tuccio, and the only claim which is the subject of this appeal, is Tuccio's allegation that Marconi refused to meet with him in the summer and fall of 2006 in retaliation for his having sued the Town and its officials.  On the particular facts of this case we find no violation of Tuccio's First Amendment rights.  Given that Tuccio had no business with the Town and suffered no harm or injury, the Town's reasonable precaution to communicate with an adverse litigant only in writing was not a violation of a

constitutional right.

During the period which is the subject of Tuccio's complaint, he had no business with the Town. While he testified in the vaguest way that requests to meet with Town officials were not granted and his phone calls were not returned, none of those requested meetings or conversations related to business Tuccio had with the Town, so far as his evidence showed. He testified in the vaguest fashion that Marconi refused to "sit down" with him, but the record is devoid of evidence of particular requests to meet with Marconi or other officials, or of the stated purposes of any such meetings, or of any harm or injury suffered by Tuccio. So far as appears, Tuccio wanted to talk with Marconi but did not reveal in advance, or indeed afterwards, that he wanted to talk about any particular business with the Town. He was not denied access to any public meeting or placed at any disadvantage in relation to any proposal he wished to make to the Town or permit he sought from it. What the evidence showed was that, by reason of Tuccio's pending litigation against the Town, Marconi followed the Town attorney's prudent advice to avoid being involved in unrecorded conversations with a litigation adversary.

To be sure, our constitutional doctrine prohibits government officials from punitive retaliation against persons who exercise their First Amendment right to sue the government. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87, 91-92 (2d Cir. 2002). It does not follow, however, that government officials are compelled by law to behave with a litigation adversary exactly as they would if the person were not a litigation adversary. There are many precautions prudently taken with a litigation adversary to avoid possible

prejudice to one's position in the litigation. The mere fact that a government official takes such reasonable precautions, notwithstanding that the official would not have taken them if the counterparty had not been a litigation adversary, does not make such actions unconstitutional retaliation, especially when they cause no harm to the adversary.

The Town officials in this case, as the Town counsel had advised, communicated with Tuccio in writing. Had this been implemented in a manner that effectively denied Tuccio access to permits or opportunities to do business with the Town, the result might be different. *See, e.g.*, *Dougherty*, 282 F.3d at 91-92. But there is no showing of any such consequence.[2] The precaution adopted by the members of the Town Board is a prudent and well-established practice. It promotes civility between litigation adversaries, avoids counterproductive antagonisms, guards against fabricated evidence of admissions made in unrecorded conversations, and protects against ill-considered or inadvertent disclosure of privileged materials. The taking of such a precaution is particularly reasonable in dealing with a person as prone as Tuccio to litigation. If every instance in which government officials followed such a precaution in dealings with one who had a pending suit against them engendered a further suit for unconstitutional retaliation, the federal courts would be overwhelmed with baseless litigations. The mere fact of a government official's reasonable and prudent adjustment of conduct in view of pending litigation, especially when it causes no harm, does not constitute actionable retaliation

---

[2]We note that the Town attorney's advice may have been overbroad, in that on its face it might have prevented Tuccio from appearing before Town officials in pursuit of business or needed permits. However, no such circumstances arose.

for the exercise of the First Amendment right to sue.

The district court correctly granted judgment as a matter of law, overturning the jury verdict.

**CONCLUSION**

The judgment of the district court is AFFIRMED.