09-0690-pr
Kornegay v. John Doe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand ten.

PRESENT:   ROBERT D. SACK,
                    REENA RAGGI,
                    PETER W. HALL,
                             *Circuit Judges*.

------------------------------------------------------------------

LEON KORNEGAY,

                             *Plaintiff-Appellant*,

                    v.                                                                 No. 09-0690-pr

JOHN DOE, ETC. CORRECTIONAL OFFICERS, ANY SUPERVISORY PERSONNEL SUFFOLK COUNTY, CENTRAL SUFFOLK MEDICAL HOSPITAL, COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S DEPARTMENT, SUFFOLK COUNTY SHERIFF, C.O. JOHN FINOCCHIARO, SGT. ROBERT AITKEN, C.O. JAMES KIERAN, C.O. WILLIAM SHIPMAN, LT. JOHN NOLAN, SGT. CHRISTOPHER BLACK, SGT. BERNARD CONWAY, C.O. MARK MAGNANI, C.O. PAUL ENGELHARDT, C.O. LOUIS VISCUSI, SGT. MARCINOWSKI, C.O. JOHN URBANCIK, C.O. RALPH DANIELSSEN,

                             *Defendants-Appellees*.

------------------------------------------------------------------

APPEARING FOR APPELLANT:        LEON  KORNEGAY, *pro se*, Deer Park, New York.

APPEARING FOR APPELLEES:        BRIAN   C.   MITCHELL, Assistant County Attorney, County of Suffolk, Hauppauge, New York.

Appeal from the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the February 9, 2009 judgment of the district court is AFFIRMED.

Leon Kornegay, pro se, appeals a judgment in favor of defendants on this action under 42 U.S.C. § 1983 alleging principally that corrections officers subjected him to excessive force.  Although Kornegay's failure to state the basis for his appeal arguably warrants affirmance, see Otero v. Bridgeport Housing Auth., 297 F.3d 142, 144 (2d Cir. 2002), we construe the appeal as challenging the grant of defendants' pre-verdict motion for judgment as a matter of law under Fed. R. Civ. P. 50(a).  Such a motion may be granted only where "a reasonable jury could reach but one conclusion."  Hannex Corp. v. GMI, Inc., 140 F.3d 194, 203 (2d Cir. 1998) (internal quotation marks omitted).  We review the grant of a Rule 50 motion de novo, viewing the evidence in the light most favorable to the non-moving party.  See Tuccio v. Marconi, 589 F.3d 538, 540-41 (2d Cir. 2009).  In applying this standard, we assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

It is well settled that "personal involvement of defendants in alleged constitutional

2

deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotation marks omitted). To be sure, the "general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit" may be "relaxed . . . in actions brought by pro se litigants," "particularly . . . where the plaintiff is incarcerated." Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997) (internal citation omitted). Kornegay is no longer incarcerated, however, and he was permitted discovery. Nevertheless, in his own sworn testimony before the jury, Kornegay failed to attribute specific actions to any individual defendant. Even if we were to treat Kornegay's opening statement as evidence, which we do not, it serves only further to illustrate his inability to demonstrate which, if any, of the defendants engaged in the challenged conduct. Thus, we detect no error in the district court's conclusion that Kornegay failed to present evidence sufficient to permit a reasonable juror to find, by a preponderance of the evidence, that he had satisfied his "burden of establishing that something was done to [him] and by whom it was done." Trial Tr. at 30 (emphasis supplied).

We have considered Kornegay's remaining arguments on appeal, and they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3