09-1950-cv
Bradley v. Jusino

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of April, two thousand ten.

PRESENT:   WILFRED FEINBERG,
                      GUIDO CALABRESI,
                      REENA RAGGI,
                                  *Circuit Judges*.

-----------------------------------------------------------------------

JONATHAN BRADLEY,

  *Plaintiff-Appellee-Cross-Appellant*,

  v.

NYCPO ALEXIS JUSINO, shield # 24391, Individually and in his/her official capacity,

  *Defendant-Appellant-Cross-Appellee*,

Nos.   09-1950-cv(Lead)
           09-2119-cv(XAP)[*]

CITY OF NEW YORK, a municipal entity, JOHN DOES, Individually and in their official capacities, WALTER CHARLES, Individually and in his official capacity, NYCPO JANE ROWES, Individually and in their official capacities, MICHAEL ESPOSITO, individually and in his former capacity as Chief of Patrol of Borough Manhattan South, PATRICK DUDGEON, individually and in his capacity as a Chief in the NYC Police Department, BRUCE SMOLKA, individually and in his official capacity as a Chief in the NYC Police Department,

---

[*] 09-2119-cv(XAP) was closed by Mandate issued 9/22/09 on Order dated 09/01/09.

*Defendants*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:    SCOTT SHORR (Ronald E. Sternberg, and Elizabeth M. Daitz, *on the brief*), Senior Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

APPEARING FOR APPELLEE:    JAMES I. MEYERSON (Jeffrey Rothman, *on the brief*), New York, New York.

Appeal from the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on May 4, 2009, denying qualified immunity is AFFIRMED, and plaintiff's cross-appeal is DISMISSED.

Defendant Alexis Jusino, a New York City police officer, appeals from the denial of his Rule 50 motion for judgment as a matter of law on his defense of qualified immunity from plaintiff Jonathan Bradley's false arrest claim under 42 U.S.C. § 1983. Jusino asserts that the district court erred in concluding that, on Bradley's version of the facts, Jusino lacked probable cause (or arguable probable cause) to arrest Bradley for obstructing governmental administration, see N.Y. Penal Law § 195.05, or disorderly conduct, see id. § 240.20(5)-(7). Bradley cross-appeals the district court's order requiring a second trial. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm the denial of qualified immunity.

2

1.    Jurisdiction

    a.    Jusino's Appeal

Where, as here, "a defendant asserting qualified immunity has agreed to be bound by the plaintiff's version of the facts, the issues become purely legal and we have jurisdiction over an interlocutory appeal from a denial of immunity." Loria v. Gorman 306 F.3d 1271, 1280 (2d Cir. 2002); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).  This case presents a rare interlocutory appeal from a post-trial order denying qualified immunity. See Britt v. Garcia, 457 F.3d 264, 271 (2d Cir. 2006).  Nevertheless, although "it is too late to protect [Jusino] from standing trial, it is not too late to vindicate [his] right, if [he is] entitled to immunity, not to undergo a second one on the issue of damages." Id. at 272.  Accordingly, we have jurisdiction to consider his appeal.

    b.    Bradley's Cross-Appeal

The district court's order granting a new trial is not an appealable final order, and, therefore, we lack jurisdiction to review it. See Ortiz-Del Valle v. Nat'l Basketball Ass'n, 190 F.3d 598, 599 (2d Cir. 1999); Compagnie Nationale Air France v. Port of N.Y. Auth., 427 F.2d 951, 954 (2d Cir. 1970).  Nor does Bradley's appeal from that order warrant the exercise of pendent jurisdiction, as the issues Bradley raises are not "inextricably intertwined with" or "necessary to ensure meaningful review of" Jusino's qualified immunity challenge. Clubside, Inc. v. Valentin, 468 F.3d 144, 161 (2d Cir. 2006).  We have recognized that "pendent appellate jurisdiction should be exercised sparingly, if ever," Mancuso v. N.Y. State Thruway Auth., 86 F.3d 289, 292 (2d Cir.1996), accord Bolmer v. Oliveira, 594 F.3d

3

134, 141 (2d Cir. 2010), and we decline to exercise it here. Accordingly, we dismiss Bradley's cross-appeal for lack of jurisdiction.

2.    Standard of Review

We review de novo a district court's denial of qualified immunity, see Arlio v. Lively, 474 F.3d 46, 51 (2d Cir. 2007), and its ruling on a motion for judgment as a matter of law under Fed. R. Civ. P. 50, see Runner v. N.Y. Stock Exch., Inc., 568 F.3d 383, 386 (2d Cir. 2009). A district court may grant a Rule 50 motion "only if, viewing the evidence in the light most favorable to the non-moving party," in this case, Bradley, "a reasonable juror would be compelled to find in favor of the moving party." Tuccio v. Marconi, 589 F.3d 538, 540 (2d Cir. 2009).

3.    The Merits of Jusino's Qualified Immunity Appeal

"[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Thus, qualified immunity applies if either (1) the defendant's actions did not violate a right, here the Fourth Amendment protection against arrest without probable cause; or (2) the right alleged to have been violated was not clearly established. Id. at 815-16.

Probable cause exists to support a warrantless arrest when the arresting officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being

4

committed.  See Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007).  The concept is "fluid,"

focusing on "probabilities," not "hard certainties."  Illinois v. Gates, 462 U.S. 213, 231-32

(1983).  Further, the law recognizes that training and experience may allow a law

enforcement officer to identify probable cause from facts and circumstances where a layman

might not.  See United States v. Gaskin, 364 F.3d 438, 457 (2d Cir. 2004).  Thus, to establish

qualified immunity, a defending officer need only show "arguable" probable cause, which

exists when "a reasonable police officer in the same circumstances and possessing the same

knowledge as the officer in question could have reasonably believed that probable cause

existed in the light of well established law."  Zellner v. Summerlin, 494 F.3d 344, 369 (2d

Cir. 2007) (internal quotation marks omitted) (emphasis in original).

Jusino argues that even on Bradley's version of the facts, probable cause or, at a

minimum, arguable probable cause existed to support the challenged arrest.  We disagree.

A person is guilty of obstructing governmental administration when, "by means of

intimidation, physical force or interference" he "prevents or attempts to prevent a public

servant from performing an official function."  N.Y. Penal Law § 195.05.  A person commits

disorderly conduct when he commits any of several specified acts – e.g., obstructing

pedestrian traffic, refusing to disperse, or creating hazardous conditions – intending to cause

"public inconvenience, annoyance or alarm, or recklessly creating a risk thereof."  N.Y.

Penal Law § 240.20(5)-(7).  Here, Bradley testified that while he was trapped in a dense

crowd of protestors, (1) a line of officers moving into the crowd bumped into him; (2) he fell;

(3) he quickly rolled onto his stomach, face-down on the sidewalk, to protect himself as the

5

line passed overhead; (4) he felt someone grab his arm, lift him partway off the sidewalk, then drop him; and (5) he was placed under arrest. These facts do not provide a basis, actual or arguable, to think that Bradley intended to disrupt police efforts or cause public inconvenience.

Jusino argues that he reasonably inferred from Bradley's presence near the police line that he intentionally disobeyed repeated dispersal orders delivered over loudspeakers. He further submits that Bradley appeared healthy, ignored an order to stand up, and went limp in Jusino's grasp, reinforcing the inference of unlawful activity. The argument necessarily fails because the facts asserted are disputed and, for purposes of qualified immunity, a court must assume their resolution in favor of Bradley. For example, if a jury were to conclude that the crowd was too dense to permit ready dispersal; Bradley did not have time to get up before Jusino placed him under arrest; Jusino was unable to see whether Bradley was conscious or dazed; and Bradley never went limp in Jusino's grasp, no finding of actual or arguable probable cause could be made.

Accordingly, like the district court, we conclude that the facts viewed in the light most favorable to Bradley do not support judgment as a matter of law in favor of Jusino on the ground of qualified immunity.[1]

---

[1] Jusino suggests, in passing and a footnote, that the district court erred in granting Bradley's motion for judgment as a matter of law under Fed. R. Civ. P. 50 because the trial evidence, viewed in the light most favorable to Jusino, does not support such a ruling. The argument is not without force, but the issue is not before us on this appeal, as Jusino's qualified immunity challenge is limited to Bradley's version of the facts. Nor does Jusino contend that the grant of Bradley's Rule 50 motion is appealable at this time. Accordingly, we pursue the matter no further here, without precluding subsequent challenges as permitted by law.

In light of the foregoing, we AFFIRM the judgment of the district court, and DISMISS plaintiff's cross-appeal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court