10-2314-cv (L)
Sea Tow Int'l Servs., Inc. v. Pontin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand eleven.

PRESENT: DENNIS JACOBS,
　　　　　　　　　　　　**<u>Chief Judge</u>,**
　　　　JON O. NEWMAN,
　　　　GERARD E. LYNCH,
　　　　　　　　　　　　**<u>Circuit Judges</u>.**

- - - - - - - - - - - - - - - - - - - -X

Sea Tow Servs. Int'l, Inc.,
　　　　<u>Plaintiff-Counter-Defendant-</u>
　　　　<u>Appellee</u>,

　　　　　　　　-v.-　　　　　　　10-2314-cv (Lead)
　　　　　　　　　　　　　　　　　10-3023-cv (Con)

Duke Pontin, DBA Spirit Towing, DBA Sea Tow Florida Keys, Duke Pontin, individually,
　　　　<u>Defendants-Counter-</u>
　　　　<u>Claimants-Appellants</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:　　　　　　John W. Mitchell, New York, NY

FOR APPELLEE:　　　　　　　Mitchell A. Stein, Stein Law, P.C., Northport, NY (Conor V. McDonald, Stein Law, P.C., Northport, NY, <u>on the brief</u>)

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Duke Pontin appeals from a judgment of the District Court vacating a jury verdict in his favor on his cross-claim for breach of contract and denying his post-trial motion for attorneys' fees.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

[1] A jury's verdict should be vacated only if, viewing the evidence in the light most favorable to the jury's verdict, "a reasonable jury would be compelled to find in favor of the moving party."  Tuccio v. Marconi, 589 F.3d 538, 540 (2d Cir. 2009).  A district court's vacatur of a jury's verdict is reviewed de novo.  Id. at 541.

We see no error in the District Court's decision vacating the jury's verdict.  "To establish a prima facie case for breach of contract, a plaintiff must plead and

2

prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." Nat'l Market Share, Inc. v. Sterling Nat'l Bank, 392 F.3d 520, 525 (2d Cir. 2004). Pontin's claim failed for lack of a jury finding that he suffered damages as a result of Sea Tow's breach of contract.

The only evidence that Pontin incurred contract damages was his testimony that Sea Tow's breach of contract resulted in the loss of four towing opportunities, totaling $800. But the jury awarded him no damages for that alleged loss. The jury did award him attorneys' fees, but that award violated the instructions on the special verdict form. Instead of a dollar amount of damages suffered by Pontin for Sea Tow's breach of contract, the jury wrote "lawyers fee's [sic] associated with this case[.]"

Pontin alleges that the jury determined his damages to be attorneys' fees and cites the instruction to the jury that "[t]he basic principle of damages in a contract action is to leave the injured party in as good a position as he would have been if the contract had been fully performed." This instruction, however, does not override "the 'American Rule' . . . that each party bears its own attorneys' fees."

3

See McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1312 (2d Cir. 1993). The jury was not instructed regarding the existence of the American Rule or the circumstances in which it can be overcome under New York law (which governed Pontin's counterclaim). See Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003). Finally, as explained below, certain factual issues regarding the contract undermine any argument that the jury could have relied on the contract between Pontin and Sea Tow to support its award of attorneys' fees on Pontin's counterclaim. Accordingly, the District Court did not err in vacating the jury's verdict on Pontin's counterclaim.

**[2]** Pontin challenges the District Court's denial of his post-trial motion for attorneys' fees. Our review of a district court's decision regarding attorneys' fees is generally "highly deferential." Id. at 198. However, where the question on appeal turns on whether "the district court made an error of law [regarding attorneys's fees], 'the district court's rulings of law are reviewed de novo.'" Id. (quoting Baker v. Health Mgmt. Sys., Inc., 264 F.3d 144, 149 (2d Cir. 2001)).

4

Pontin's motion for attorneys' fees assumes that the following language is part of the contract:

> In the event of any litigation between the parties hereto with respect to the subject matter hereof, the party in a [sic] such litigation in w[h]ose favor a final judgment is entered shall be entitled to have and recover[,] and the other parties agree to pay[,] its reasonable attorneys' fees and expenses, in addition to any other award to which it may be entitled.

Whether this language was in fact agreed to by the parties, however, is decidedly unclear. The language is included in the typed contract but was crossed out. A subscription in the margin read "OK Duke Pontin". It is unclear from the face of the contract whether Pontin was "OK" with the crossed-out text or with its elimination. Pontin cites an admission by Sea Tow's Chief Executive Officer, which was submitted in support of Sea Tow's summary-judgment motion and included in Sea Tow's Rule 56.1 Statement of Undisputed Facts. However, Pontin's response contains its own arguable ambiguity. Accordingly, the parties' intent was an issue that would have required

5

resolution by the finder of fact and not by post-trial motion.

However, it is unnecessary to resolve this issue. In this case, final judgment was entered in favor of both parties: in favor of Pontin on Sea Tow's claims and in favor of Sea Tow on Pontin's claims. Thus, both parties were winners, just as both were losers. We, therefore, conclude that the outcome in this case would not trigger an obligation to pay attorneys' fees even if the contract unambiguously included the crossed-out provision.

We have considered all of Pontin's additional arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk