12-2695-cv
Drew v. Connolly

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of October, two thousand thirteen.

Present:      JON O. NEWMAN,
              ROSEMARY S. POOLER,
              DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.
_____

JOHN F. DREW,

                      *Plaintiff-Appellant*,

              -v-                                        12-2695-cv

BRIAN CONNOLLY, CITY OF GROTON, GROTON POLICE
DEPARTMENT, BRUNO L. GIULINI,

                      *Defendants-Appellees*.[*]
_____

Appearing for Appellant:      Mary M. Puhlick, Puhlick & Cartier, P.C., Norwich, CT.

Appearing for Appellee:       James N. Tallberg, Karsten & Tallberg, LLC, West Hartford, CT.


        Appeal from the United States District Court for the District of Connecticut  (Arterton, *J.*).

_____

[*]The Clerk of the Court is directed to amend the caption as set out above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant John F. Drew appeals from the July, 21, 2011 decision and order of the United States District Court for the District of Connecticut (Arterton, *J.*), granting summary judgment to Defendants-Appellees City of Groton and Bruno L. Giulini (collectively, the "City") on Drew's Section 1983 claim. Drew also appeals from a decision and order of June 5, 2012, granting a renewed Rule 50 motion for judgment to Defendant-Appellee Brian Connolly on qualified immunity grounds. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Municipalities may be held liable for violations of constitutional rights under Section 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Additionally, a plaintiff may hold a municipality liable for a constitutional violation as a result of that municipality's failure to train its employees. *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). A plaintiff may establish a municipal policy or custom by showing that the municipality's failure to train its officers "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Anthony v. City of New York*, 339 F.3d 129, 140 (2d Cir. 2003) (citing *City of Canton*, 489 U.S. at 388-89).

Drew argues that the granting of summary judgment on his claim against the City should be vacated because the City's incomplete response to his discovery inquiry about policies precluded him from showing that a municipal policy concerning drivers' licenses existed. However, Drew's remedy, once he became aware of the unwritten policy as a result of trial testimony, was to move to vacate the summary judgment ruling, which the district court was entitled to revisit at any time before final judgment. *See Joseph P. Caulfield & Assocs., Inc. v. Litho Prods., Inc.*, 155 F. 3d 883, 888 (7th Cir. 1998). We need not consider whether the City's incomplete discovery response might have entitled Drew to sanctions because no sanctions were sought.

Drew further argues that the district court erred in granting Connolly's renewed motion for judgment pursuant to Federal Rule of Civil Procedure 50. "[W]e review *de novo* the district court's decision regarding a motion for judgment as a matter of law" under Federal Rule of Civil Procedure 50. *Phillips v. Bowen*, 278 F.3d 103, 108 (2d Cir. 2002). We apply the same standard as that of the district court, and will grant a motion for judgment as a matter of law "only if, viewing the evidence in the light most favorable to the non-moving party, a reasonable juror would be compelled to find in favor of the moving party." *Tuccio v. Marconi*, 589 F.3d 538, 549 (2d Cir. 2009).

In this case, the district court properly granted Connolly's motion for judgment on the question of his qualified immunity. "A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998) (internal quotation marks and citations omitted). Drew argues that Connolly's seizure of his driver's license after his arrest violated his due process rights under the

Fourteenth Amendment. Although the seizure of Drew's license violated state law and the written Departmental policy, an action that violates state law does not necessarily violate an individual's constitutional rights. *See Young v. County of Fulton*, 160 F.3d 899, 902 (2d Cir. 1998); *Robinson v. Via*, 821 F.2d 913, 922 (2d Cir. 1987). "The procedure mandated by state [ ] law is not the benchmark for evaluating whether or not there has been a federal constitutional violation." *Young*, 160 F.3d at 902. Even if the objective reasonableness of Connolly's action in seizing Drew's license was a jury question, the jury was entitled to find that it was objectively reasonable for Connolly to believe that seizing Drew's license did not violate due process. Connolly was entitled to believe that Drew was under the influence of something other than alcohol based on visual observations of Drew's driving and field sobriety tests. There is no case law within the Circuit or from the Supreme Court that has held to the contrary. *See Okin v. Village of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 433 (2d Cir. 2009) (noting that the Court looks to "Supreme Court and Second Circuit precedent existing at the time of the alleged violation to determine whether the conduct violated a clearly established right"). Connolly violated no due process right by preventing Drew from operating a motor vehicle on the night in question.

Because we affirm the district court's judgments in Connolly's favor, Drew is not a prevailing party and is accordingly not entitled to an award of attorney's fees. *See* 42 U.S.C. § 1988(b).  Accordingly, the decisions and orders of the district court are hereby AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk